(No. 30862.—

THE CITY OF CHICAGO, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(DELLA ROSE, Plaintiff in Error.)

*Opinion filed March 24, 1949—Rehearing denied May 11, 1949.*

HARRY L. YALE, of Chicago, for plaintiff in error.

BENJAMIN S. ADAMOWSKI, Corporation Counsel, (L. LOUIS KARTON, and SYDNEY R. DREBIN, of counsel,) all of Chicago, for defendant in error.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

The arbitrator allowed the widow of Walter W. Rose compensation on her claim made under the Workmen's Occupational Diseases Act. (Ill. Rev. Stat. 1947, chap. 48, pars. 172.1 *et seq.*) After hearing additional evidence the Industrial Commission sustained his findings. On *certiorari* the superior court of Cook County reversed the order of the commission, and this court granted a writ of error to review that decision. The question is whether there is any evidence in law to support the finding of the commission that death resulted from an occupational disease.

At the time of his death the deceased, 60 years of age, was employed as a laborer by the Chicago sewer department. He had been so employed for 19 years, enjoying good health during the entire period. His duties involved cleaning out the sewers, making up mortar for bricklayers, digging out caved-in sewers and filling in the excavations after repairs were completed. On October 6, 1945, he became ill at his home and died about ten days thereafter. The weight of the evidence indicates the probable cause of death was Weil's disease, a rare disease ordinarily transmitted by contact with the excreta of diseased rats and dogs. The disease is caused by a spirochete which invades the blood stream either through the skin or by ingestion. The spirochetes may be found in any place where a rodent population is likely to exist, such as sewers, mines, river water or on exposed fruit and vegetables.

The only evidence introduced by plaintiff in error to show that the decedent contracted the disease in his occupation is contained in the testimony of decedent's foreman. That witness testified that grimy substances accumulate on the stringers and supports sometimes used in the sewers to sheath the sides of excavations; that he often observed, in the grass around catch basins, holes which are caused by rats, but that he never saw a rat in a sewer; and that

the decedent customarily carried his lunch to work, and went to a saloon at noon for beer to drink with his lunch.

The city physician testified, on behalf of defendant in error, that he had held that position for nearly 20 years; that he has charge of the treatment of all injured city employees; and that he had never heard of the existence of a Weil's disease case among the sewer employees.

Section 6 of the act defines the term "occupational disease" as "a disease arising out of and in the course of the employment." It further provides, in substance, that a disease shall be deemed to arise out of the employment only when it is apparent to the rational mind from a consideration of all the circumstances that there is a direct causal connection between the condition under which the work was performed and the disease, where it can be seen that the occupational disease followed as an incident of the work as a result of the exposure occasioned by the nature of the employment and that the proximate cause of the disease can be fairly traced to the employment. The evidence in the case at bar clearly falls short of establishing such a causal connection. In its aspect most favorable to plaintiff in error it shows merely that the disease from which the death resulted is commonly transmitted from contact with the droppings of infected rats, and that rats exist in the sewers where decedent worked. There is no evidence that any such rats were diseased or that the decedent came into contact with any rat droppings. A mere possibility of contamination in the course of employment is not sufficient to support an award of compensation. *Stewart Warner Corp.* v. *Industrial Com.* 376 Ill. 141.

*Arquin* v. *Industrial Com.* 349 Ill. 220, cited by plaintiff in error, is clearly distinguishable. The decedent there was an interne who had served in the contagious ward of a hospital during the week preceding his illness. He was engaged in treating contagious diseases, particularly epidemic meningitis cases. On each day of that period he

108

made spinal punctures in treating patients suffering from this disease and attended one especially virulent case of it. The illness, which resulted in death, was diagnosed as epidemic meningitis. There the evidence clearly showed that death was the proximate result of contact with disease in the course of employment. In the case at bar the presence of spirochetes at decedent's place of employment can be inferred only by speculation. This cannot serve as proof of a direct causal connection.

Under the evidence in this case, plaintiff in error did not prove that the deceased died of an occupational disease, and the superior court of Cook County was therefore correct in setting aside the award of the commission.

*Judgment affirmed.*