(No. 38820.—

Davis Byrd, Appellant, *vs.* The Industrial Commission *et al.*—(United States Steel Corporation, Appellee.)

*Opinion filed September 28, 1965.*

Kleiman, Cornfield & Feldman, of Chicago, (Bernard Keiman, Jason Gesmer, and Alton Sharpe, of counsel,) for appellant.

Stevenson, Conaghan, Hackbert, Rooks & Pitts, of Chicago, (Douglas F. Stevenson and Paul Noland, of counsel,) for appellee.

Mr. Justice Solfisburg delivered the opinion of the court:

An arbitrator found that Davis Byrd had contracted silicosis while employed by the United States Steel Corporation and awarded him benefits under the Workmen's Occupational Diseases Act. (Ill. Rev. Stat. 1963, chap. 48, par.

172.36 *et seq.*) However, the Industrial Commission, after hearing additional evidence, found that claimant had failed to prove exposure to an industrial disease and set aside the award. The decision of the Commission was affirmed by the circuit court of Cook County, and claimant has prosecuted a direct appeal to this court, the principal issue being whether the Commission's finding that claimant's employment did not expose him to the hazards of silicosis is against the manifest weight of the evidence.

Claimant was first employed by United States Steel in 1946, and for the next twelve years worked in the blast furnace area of a plant in Chicago, first as a coke man, then as a sinter snapper, and finally as a first helper. His duties included removing molten steel and slag from the blast furnace, lining troughs with sand after each pouring operation, packing the slag hole with ground coal and coke, and hauling coke to the pouring area. These duties, he stated, constantly subjected him to dust, graphite, and smoke and vapors emanating from the molten steel and blast furnace. Prior to his employment with the steel company, claimant had worked for several years in the moulding department of a foundry, but he testified his health had been good when he left that work.

During a routine X-ray examination in 1955 a lung abnormality was noted, and claimant thereafter visited a municipal tuberculosis clinic as an out-patient on a month-to-month basis. He continued working until January 25, 1958, at which time he became ill and sought further medical attention. Except for a two-month period in 1960, claimant performed no further work, and, during such time, consulted various doctors and received extensive examinations and tests in a hospital.

In contending that the proof establishes his exposure to an occupational disease, claimant relies upon three segments of evidence. First, the testimony of a doctor that claimant was suffering from silicosis and that there was a causal con-

nection between the disease and the conditions of his employment; second, proof establishing the presence of silica in some of the materials his work required him to handle; and third, testimony that in the blast furnace operation, whereby iron ore is reduced to a liquid state, silica found in iron ore and limestone is reduced to a gaseous state and discharged from the furnace as an impurity. As opposed to this, however, there was proof on behalf of the employer, first, that claimant was afflicted with a lung condition known as siderosis, which is neither disabling nor an occupational disease, rather than silicosis; second, that free silica dust, which is the cause of silicosis, would not be present in the materials handled by claimant; and third, that the impurities from the furnace operation are not discharged into the atmosphere, but go through a system of gas cleaning equipment. In addition, a medical expert testified that during the thirty years he had been specializing in diseases of the chest, he had never seen an authentic case of silicosis associated with a blast furnace operation.

The burden rested on claimant to establish not only the existence of a disabling disease, but also a direct causal connection between the disease and the conditions of employment. (*Kniat* v. *Industrial Com.* 378 Ill. 210.) And, on the record presented, we are unable to say that the Commission's finding that claimant failed to meet his burden is against the manifest weight of the evidence. As to the disease itself, the medical evidence was conflicting and it thus became the function of the Commission to decide which of the medical experts was more worthy of belief. (*Frenzel Construction Co.* v. *Industrial Com.* 31 Ill.2d 310.) Thus, accepting the testimony of the employer's medical witness as true, the Commission could find that claimant was suffering from siderosis, a nonoccupational and nondisabling disease, rather than silicosis. As to causal connection, the testimony that claimant's employment would not expose him to the hazards of silicosis was virtually uncontradicted and

118

afforded a reasonable basis for the conclusion reached by the Commission. We may not, therefore, substitute our own conclusion for that of the Commission. (*Clifford-Jacobs Forging Co.* v. *Industrial Com.* 19 Ill.2d 236.) Claimant's arguments that he was exposed to silicosis because he worked with silica bearing materials, and because silica was discharged as a part of the blast furnace operation, at best suggest only a possibility of exposure. However, a mere possibility that one may have become afflicted with a disease in the course of employment is not sufficient to support an award of compensation. *City of Chicago* v. *Industrial Com.* 403 Ill. 105.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*