(No. 39103.—

ALLIS-CHALMERS MANUFACTURING Co., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(LOUIS NORRIS, Appellee.)

*Opinion filed September 28, 1965.*

EARL S. HODGES, of Springfield, (SAMUEL C. PATTON, of counsel,) for appellant.

FRANK S. CALANDRIÑO, of Springfield, (ANTHONY J. MANUELE, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The claimant, Louis Norris, was found by the arbitrator to have been temporarily disabled from an injury suffered while in the course of his employment and was allowed compensation for a period of 13 weeks. On review the Industrial Commission awarded temporary total disability for 13½ weeks and awarded an additional amount for 30 weeks for 15%. permanent and complete loss of use of the right leg. The circuit court of Sangamon County affirmed the decision of the Commission. The employer appeals on the grounds that there is no competent evidence of disability and that the award and judgment are contrary to the manifest weight of the evidence. It contends that the employee failed to prove any objective conditions or symptoms.

The employee testified that on September 5, 1962, while turning a truck frame to weld the bottom he was jerked when he grabbed it. He felt the jerk but suffered no pain. When he sat down two hours later, and again two hours after that, his back had stiffened and he could not straighten up. He was given a pass to see the company nurse and received heat treatment. The following day he selected a doctor on the company's staff who gave him treatments on September 6 and 8 and sent him to the hospital on the 9th. He was given traction until September 24 at which time he was placed in a body cast and released. He returned to work on October 29, 1962, and did his regular work until February 13, 1963. On the latter date he again complained of pain in his back and went to the hospital for 15 days. He returned to light duty work for a short period and thereafter went back to his regular duties without restrictions, except for carrying welding rods. He testified that when he squats, he experiences pain in the spine and down his right leg and that he cannot rise as fast as he could prior to the injury. He also stated that he had sustained work-connected back injuries in 1951, 1957 and another in an automobile accident in 1960.

The employee introduced a letter report of Doctor Zaricznyj, which indicated that his examination showed the spine to be straight, motion was limited on bending forward and to the side with a moderate degree of muscle spasm in the lumbar region. Tenderness was present over the lumbosacral junction, while reflexes, sensation and muscle strength to the lower extremities were normal. He diagnosed the condition as lumbosacral sprain.

We are of the opinion that the doctor's report, which was admitted by stipulation, was sufficient to justify the Commission's decision that the employee suffered an injury resulting in temporary disability and its award of compensation for total temporary disability is not against the manifest weight of the evidence.

On the other hand, there is no evidence to support an

award for partial permanent and complete loss of use of the leg except that of the employee, which was purely subjective. The doctor's report stated that a myelogram was done and found negative, and no permanent disability was indicated. The prognosis was noted as good. Paragraph 7 of section 8(b) of the Workmen's Compensation Act, (Ill. Rev. Stat. 1963, chap. 48, par. 138.8(b)) provides that payment of compensation shall be made only where objective conditions or symptoms, not within the physical or mental control of the injured employee himself, have been proved. Under these circumstances the permanent disability award cannot stand.

The judgment of the circuit court of Sangamon County insofar as it sustained the award for temporary disability is affirmed, but is reversed with respect to affirmance of the permanent disability award and that portion of the award is set aside.

*Affirmed in part and reversed in part.*