(No. 39412.—

ALFRED FARACE, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THE GRUNWALD PLATING COMPANY, INC., Appellee.)

*Opinion filed January 25, 1966.*

JACK A. SOSTRIN and NATHAN SOSTRIN, both of Chicago, for appellant.

STEVENSON, CONAGHAN, HACKBERT, ROOKS & PITTS, of Chicago, (DOUGLAS F. STEVENSON, of counsel,) for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

This is an appeal from a decision of the circuit court of Cook County which sustained the findings of the arbitrator and the Industrial Commission holding that petitioner, appellant herein, had failed to establish a compensable claim for permanent total disability under the provisions of the Workmen's Compensation Act.

Appellant was employed by Grunwald Plating Company, appellee, as a laborer during the periods from 1931 to 1942 and from 1951 to May 29, 1963. His duties involved unusually heavy lifting without the aid of mechanical devices. Acid fumes often circulated about the room in which appellant went about his duties. In October, 1960, appellant sustained a heart attack in the locker room of appellee. He was hospitalized for five weeks and was required to remain at home for an additional three weeks. No claim for compensation was made concerning this occurrence. He thereafter returned to work and performed the same duties as those engaged in prior to the heart attack.

Appellant testified that he felt "pretty good" on the morning of May 29, 1963, and that he had a normal breakfast, washed, and drove to work, arriving there at about 7:40 A.M. As he attempted to open the door to appellee's premises he found that it was "stuck". He thereupon "jerked" the handle with both hands. Chest pains com-

menced at that moment and appellant fell to his knees, still holding the handle of the door. Co-employees took him to a company doctor who administered a shot and returned him to his home. His wife called a physician who had appellant admitted to Mt. Sinai Hospital where his condition was diagnosed as "acute myocardial infarction". Appellant has not sought employment since the day in question, and stated he was still under a doctor's care, suffers from chest pains, swollen feet and shortness of breath, and is unable to walk for more than half a block.

The only medical testimony at the hearing was provided by appellant's physician, Dr. George C. Coe, who confirmed the hospital's diagnosis, stated that appellant's condition was permanent and that he was unable to work, and stated in response to a hypothetical question that in his opinion there could be a causal connnection between appellant's condition and the event, described above, of May 29, 1963. The doctor further testified that there was a theoretical possibility that appellant's recurrent heavy lifting, in addition to the incident concerning the door, could have aggravated a pre-existing condition.

A representative of an insurance company testified that he visited appellant in the Mt. Sinai Hospital; that appellant stated that he had been awake at 3:00 A.M. on May 29, 1963, and was unable to sleep during that night due to a "hotdog" that he had eaten; and that appellant had told him that he had experienced chest pains during the night.

The hospital records indicate that appellant told his personal physician, Dr. L. O. Leader, that he was awakened during the morning of May 29, 1963, by severe chest pains. These records further indicate that appellant had been suffering from diabetes for some nine years prior to 1963, and that he had suffered intermittent chest pains for two years prior to 1963. These were anginal type of 10 to 15 minutes duration.

In his initial application filed with the Industrial Commission, it is claimed that appellant "sustained a heart attack as a result of moving and carrying heavy pieces of metal". This application was, however, signed in blank by appellant and he did not actually see the completed form until the hearing.

It is apparent from this record that appellant's dominant theory before the arbitrator and the Industrial Commission was that on May 29, 1963, while attempting to open a stuck door, he experienced chest pains and collapsed and that as a proximate result thereof he became totally incapacitated. The testimony of appellant concerning this event was severely contradicted by the hospital records, the application for adjustment of claim, testimony of a representative of an insurance company, and a statement by a co-employee (who had used the door on that morning before and after appellant had done so) that the door opened easily, and, "to my knowledge," was not stuck that morning. If this were the only theory upon which appellant's cause was predicated, we would have no difficulty whatsoever in affirming the decision below as not against the manifest weight of the evidence. However, appellant ancillarily maintains that notwithstanding the possible disbelief of his testimony concerning the door incident, there is nevertheless uncontradicted evidence in the record which demands an award, referring to the testimony concerning appellant's prior disabilities including the October, 1960, heart attack and the recurrent chest pains coupled with the doctor's opinion that there is a theoretical possibility that appellant's existing condition is causally connected to his heavy work in addition to the alleged May 29, 1963, incident.

We do not agree, for it is not the function of this court to determine the facts *de novo,* and unless we can say that the decision of the Industrial Commission is against the manifest weight of the evidence, its determination must not be disturbed. As we have recently observed: "The Industrial

Commission determines the facts. It is within its sphere to draw reasonable inferences and conclusions from competent evidence both direct and circumstantial. This court will not weigh conflicting evidence and substitute its judgment for that of the commission. Our function is to determine whether the finding of the commission is clearly against the manifest weight of the evidence. This court will not discard permissible inferences drawn by the commission merely because it might have drawn other inferences from the facts. *Fluor Corp.* v. *Industrial Com.* 398 Ill. 616." *Republic Steel Corp.* v. *Industrial Com.* 26 Ill.2d 32, 43. See also *Mechanics Universal Joint Div., Borg-Warner Corp.* v. *Industrial Com.* 21 Ill.2d 535, 538.

The testimony in this cause other than that pursuant to the vigorously disputed theory that appellant suffered an accidental injury when he attempted to open a door on May 29, 1963, is equivocal and inconclusive in nature, and it was within the province of the Industrial Commission, as the finder of facts, to determine that appellant had not in fact suffered an accidental injury arising out of and in the course of his employment and was thus not entitled to compensation. We will not disturb that determination.

Accordingly, the judgment of the circuit court of Cook County is affirmed.