(No. 40315.—

ROCKFORD TRANSIT CORPORATION, Appellant, *vs.* THE IN-
DUSTRIAL COMMISSION *et al.*—(I. C. HEAD, Appellee.)

*Opinion filed September 29, 1967.*

THOMAS AND KOSTANTACOS, of Rockford, (PETER C. KOSTANTACOS and WILLIAM A. BOMP, of counsel,) for appellant.

GOLDMAN AND JACOBSEN, of Rockford, (RUSSELL J. GOLDMAN, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

I. C. Head, an employee of the Rockford Transit Corporation, filed a claim under the Workmen's Occupational Diseases Act for disability due to emphysema. An award was confirmed by the circuit court of Winnebago County, and the employer appeals directly to this court. The question is whether aggravation of the disease by the conditions of his employment is compensable under the circumstances shown by the evidence.

The facts are largely undisputed. The claimant was 49 years of age and had worked in the employer's garage for 19 years, usually in the pits under buses. His duties involved lubricating, helping to install transmissions, and the like. It was necessary at times to run the motors of the buses, and exhaust hoses were not always hooked up. Exhaust fumes and smoke from the running engines filled the air in the building almost continuously. The bus barn received about 100 buses in and out during the day, and it was not unusual for the motors of 10 or 12 of them, using diesel fuel, to be operating at one time. Several times the claimant, suffering from breathing difficulty, went to the hospital where oxygen

was administered. On May 13, 1964, he had a spell of dizziness and feelings of fainting while at work, an ambulance was called and the inhalator squad of the fire department administered oxygen enroute to the hospital. He was advised not to work again, and he did not return.

Two examining physicians testified. Dr. Charles Gray testified on the claimant's behalf, and Dr. Harold Steinberg on behalf of the employer. Both were well qualified, their work being confined largely to lung disorders. Each diagnosed the condition as emphysema, of long standing. They agreed that it probably existed in the claimant since a very early age. Each testified in response to a hypothetical question that there was no direct causal connection between the conditions of employment and the disease of emphysema, but that these conditions hastened the disability. It is not disputed that the emphysema would have disabled the claimant in time regardless of the type of employment. On behalf of the claimant it is contended that even though a disease does not originate in the employment it should be treated as an occupational disease, or as arising out of the employment, if the conditions of employment increase the risk or aggravate the pre-existing illness. The employer, on the other hand, insists that there must either be a direct causal connection or else the disease must have followed as an incident of an occupational disease.

The record shows that emphysema is an ordinary disease of life to which the public is exposed outside the employment. It is also established beyond dispute that in this case it was contracted long before the employment began and that it was so aggravated by the conditions of employment that the claimant became disabled much sooner than he would have outside the presence of these irritants. Section 1(d) of the Workmen's Occupational Diseases Act defines the term "Occupational Disease" as meaning one which arises out of and in the course of the employment. It is provided that "Ordinary diseases of life to which the general

public is exposed outside of the employment shall not be compensable, except where the said diseases follow as an incident of an occupational disease as defined in this Section." It is further stated, insofar as is relevant, that: "A disease shall be deemed to arise out of the employment only if there is apparent to the rational mind, upon consideration of all the circumstances, a direct causal connection between the conditions under which the work is performed and the occupational disease, and which can be seen to have followed as a natural incident of the work as a result of the exposure occasioned by the nature of the employment and which can be fairly traced to the employment as the proximate cause, and which does not come from a hazard to which workmen would have been equally exposed outside of the employment." (Ill. Rev. Stat. 1965, chap. 48, par. 172.36(d).) It is evident that under the statutory language a disease which does not arise out of the employment is not an occupational disease, and it is compensable only if it follows as an incident of an occupational disease. (*Allis-Chalmers Manufacturing Co.* v. *Industrial Com.,* 33 Ill.2d 268.) Nor is it enough that conditions of the employment aggravate a pre-existing disease, or have a direct influence in re-activating a dormant one, or hasten the development of disease and the disability therefrom, unless such aggravations followed as incidents of an occupational disease as defined in the statute. (*Stewart Warner Corp.* v. *Industrial Com.,* 376 Ill. 141.) There is no indication in the case at bar that the claimant had an occupational disease to which his emphysema might have been an incident, and it must follow that the award cannot stand.

If it is desirable that compensation be made under circumstances such as those in the present case, the legislature can readily make the appropriate amendments. But under the language of section 1(d) as it now stands the decision of the Industrial Commission was clearly unwarranted. The burden rests on the claimant to establish not only the

existence of a disabling disease, but also a direct causal connection between the disease and the conditions of employment. (*Byrd* v. *Industrial Com.,* 33 Ill.2d 115.) The evidence in this case fails to show either that the emphysema was an occupational disease, or that it developed as an incident to some occupational disease. The circuit court therefore erred in confirming the award.

The judgment of the circuit court of Winnebago County is reversed and the cause is remanded, with directions to set aside the award.

*Reversed and remanded, with directions.*