(No. 40579.—

TELETYPE CORPORATION, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ANNIE RUTH GALLIMORE, Appellee.)

*Opinion filed November 30, 1967.*

ADOLPH S. HOLM, of Skokie, for appellant.

JACK L. SACHS, of Chicago, for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

An arbitrator's award of compensation for a fatal heart attack suffered by Howard B. Gallimore at his place of employment was confirmed by the Industrial Commission and the circuit court of Cook County.

Decedent was employed by Teletype Corporation as a janitor on the 4:00 P.M. to midnight shift, and died one-half hour to forty-five minutes before he was to leave work. While the precise circumstances surrounding the work he did that evening are not entirely clear, a fair summary indicates he mopped corridors and floors, waxed and polished them using a wheeled buffing machine weighing 65 to 70 pounds, emptied trash receptacles and cleaned a number of urinals, toilets, wash bowls, mirrors, doors and kick plates thereon.

There is testimony by a co-employee that during a two to three week period preceding Gallimore's death he had been pale, and that he was pale and had difficulty breathing on the day of his death. The witnesses present at the time of decedent's death agreed that he walked into a room where two other employees were, attempted to light a cigarette, suffered "an attack" and died. Their testimony varied substantially as to the length of time decedent was in the room, whether he said anything, and whether he had finished his work, but it is apparent that he had made no complaint of ill-being that evening.

Dr. Dean Rosset performed an autopsy and determined that Gallimore died from arteriosclerotic heart disease. Dr. Donald Atlas, claimant's expert, testified the specific cause of death was acute ischemia—an insufficient blood supply to meet the oxygen needs of an accelerated heart—of sufficient duration to cause ventricular fibrillation. He testified "there was a causal connection" between decedent's work and his death, and expressed his opinion that something unusual had been done by decedent or some emotional stress had accelerated his heart action.

Dr. George C. Coe, employer's expert, attributed death

to cardiac failure, but was of the opinion that there was no causal connection with decedent's work. He said it was impossible to say death was caused by ventricular fibrillation resulting from acute ischemia or attribute the heart failure to any other specific cause, and that he could not tell from the autopsy results or evidence what caused the heart to stop. He admitted that, if decedent appeared pale and short of breath prior to death, his opinion might be changed. Both doctors agreed that decedent had been suffering from coronary arteriosclerosis for a considerable period of time prior to death.

Whether we would have awarded compensation originally is not determinative now, for our function in reviewing workmen's compensation cases is to determine whether the Commission's decision is against the manifest weight of the evidence. (*Farace v. Industrial Com.*, 34 Ill.2d 80, and cases there cited.) While the fact that a heart attack occurs at work does not make it automatically compensable (*Republic Steel Corp. v. Industrial Com.*, 26 Ill.2d 32, 45), we have repeatedly stated that an award is not against the manifest weight where the evidence is such that the Commission could legitimately infer that occupational activity was a causative factor in hastening decedent's death. (*Republic Steel; Farace; Gould National Batteries v. Industrial Com.*, 34 Ill.2d 151; *Rock Road Construction Co. v. Industrial Com.*, 37 Ill.2d 123, 128.) We have carefully examined the evidence in this record and conclude that we cannot say it is such that the Commission could not legitimately make such inference.

The judgment of the Cook County circuit court is affirmed.

*Judgment affirmed.*