(No. 40825.—

GRANITE CITY STEEL COMPANY, Appellant, *vs.* THE IN-DUSTRIAL COMMISSION *et al.*—(William J. Coleman, Appellee.)

*Opinion filed January 19, 1968.*

THOMAS Q. KEEFE, of East St. Louis, for appellant.

JACK RANDALL, of St. Louis, Missouri, for appellee.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Respondent appeals from the Madison County circuit court judgment order sustaining the Industrial Commission's award in favor of the petitioner. The parties stipulated that petitioner suffered an injury to his back on September 23, 1964, arising out of and in the course of his employment and that he received first aid and medical care and was incapacitated for a period of 2⁶⁄₇ weeks for which he was paid compensation. The sole issue in dispute is whether he suffered any residual disability, and if so, its nature and extent.

During the disability period, petitioner was seen by Dr. Kahn, respondent's plant physician, at its dispensary, who, in addition, referred him to Dr. William Costen, an orthopedic specialist, for examination and X rays. Dr. Costen saw him on two occasions, the last visit being after the petitioner returned to work. At the time of the injury, petitioner was working as a laborer and upon his return was assigned to less strenuous work, that of utility second helper. He testified that as a result of the injury he has difficulty with his left leg in that there is numbness in the thigh and calf, that he suffers from a frequent "Charley Horse" back of his thigh and that he wears a back brace "in order to work". The brace, he said, was prescribed by Dr. Costen and supplied by the respondent.

A year after the accident, Dr. Robert E. Funsch, an orthopedic surgeon, examined the petitioner for the purpose of testifying to the residual effect of the injury. His examination revealed that the petitioner's left knee bent slightly forward on maximum forward flexion, that there was complaint of some soreness to firm palpation over the

lumbosacral area in the midline, that circumferential measurement of the legs showed that the left thigh was three quarters of an inch smaller than the right, and the left calf three eighths of an inch smaller than the right. In the absence of paralysis, he said, this meant that the petitioner was favoring the extremity, thereby accounting for the smaller muscle mass or muscle bulk. He made a straight leg raising examination which revealed a slight impairment on the left side, indicating, he said, some phenomenon, either mechanical or inflammatory, involving the sciatic nerve. He found the right ankle reflex diminished and the left absent, indicating some motor impairment to the muscle. Firm palpation of the musculature of the left calf produced complaint of soreness. Standard A P and lateral X-ray projections were taken of the lumbar spine and a special spot lateral projection of the lumbosacral joint. He found no evidence of fracture or dislocation but a narrowing of the lumbosacral joint with osteoarthritic spur formation. The doctor testified that from his examination and objective findings he concluded that the petitioner had a degenerative process of the lumbosacral joint with evidence of nerve root irritation on the left, as demonstrated by the absent ankle reflex, and slight impairment of straight leg raising, that there was considerable musculature atrophy in both his thigh and calf and that he will have additional difficulty. The same nerve root area which produced the absent ankle reflex on the left, he said, could possibly produce the diminished reflex on the right. In his opinion the condition of illbeing found in this examination was permanent and could be related to the incident of September 23, 1964.

The arbitrator held that the injury sustained on September 23, 1964, caused permanent loss of use of petitioner's left leg to the extent of 35% and awarded compensation accordingly. On review before the Commission, respondent produced its supervisor of petitioner's work shift who said that the petitioner, after his injury and return,

performed his work in a normal manner and without complaint. Its plant physician, Dr. Claybourn, testified that he examined petitioner on July 7, 1966, a week before the review hearing, and found no evidence of residual disability as a result of the accident. At the petitioner's request, this doctor ordered a new brace to replace the original one which was worn out. Petitioner testified that his condition was the same as it was when he appeared at the hearing before the arbitrator. The Commission then sustained the award of the arbitrator and ordered it to stand as its decision.

Respondent's position on appeal is that the award is excessive and rests upon speculation and conjecture rather than substantial evidence. In support thereof it cites *Allis-Chalmers Manufacturing Co.* v. *Industrial Com.,* 35 Ill.2d 367, and *Allis-Chalmers Manufacturing Co.* v. *Industrial Com.,* 33 Ill.2d 188. These cases are not applicable here since in both of them the claimants' own medical testimony expressly excluded any fact of permanent disability.

It is clear that the petitioner has the burden of proof (*Canhan Sheet Metal Corp.* v. *Industrial Com.,* 31 Ill.2d 325) and the award cannot rest on speculation or conjecture. (*A. O. Smith Corp.* v. *Industrial Com.,* 33 Ill.2d 510.) But the resolution of factual matters as to the extent of the employee's injury is for the Commission to determine. (*Electro-Motive Div., General Motors Corp.* v. *Industrial Com.,* 411 Ill. 224.) When the medical testimony is in dispute and there is evidence in the record which, considered by itself, sustains the finding of the Commission, that finding will not be disturbed unless we can say that it is contrary to the manifest weight of the evidence. *Electro-Motive Div., General Motors Corp.* v. *Industrial Com; Crouch-Walker Co.* v. *Industrial Com.,* 34 Ill.2d 338.

The judgment of the circuit court of Madison County is affirmed.

*Judgment affirmed.*