(No. 41184.—

THE CITY OF HERRIN, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Lonnie Fox, Appellee.)

*Opinion filed September 24, 1968.*

ROBERT MURPHY, of Chicago, for appellant.

HARRIS, HOLBROOK & LAMBERT, of Marion, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The Industrial Commission awarded the claimant, Lonnie Fox, compensation for temporary total incapacity and for the permanent partial loss of use of both arms caused by an accident arising out of and in the course of his employment with the respondent, the City of Herrin. The circuit court of Williamson County affirmed the award, and the respondent has appealed. The sole issue concerns the existence, extent and permanency of the impairment of the use of the claimant's arms.

The claimant was employed by the respondent as a sewer maintenance worker. While he was inspecting a sewer on February 26, 1963, a 14-foot plank used to keep the sides of the ditch from caving in fell and struck him

on the head. He was rendered unconscious and was hospitalized at Herrin Hospital for eight days under the care of Dr. Herbert Fine. Subsequently, he was also examined by Drs. Irving Slott and Herbert Rosenbaum as well as by doctors for the respondent or its insurance company.

The claimant and Dr. Fine testified before the arbitrator. The deposition of Dr. Slott was admitted pursuant to stipulation, and the claimant offered in evidence the report of Dr. Rosenbaum and of one of the doctors who had examined him at the request of the respondent or its insurer. The respondent produced no witnesses and offered no evidence. On the issue now disputed the arbitrator concluded that the claimant should receive $53 per week for a period of 107 weeks, because "the injuries sustained caused the permanent and complete loss of the right arm to the extent of 20% thereof and the fractures of one or more vertebral bodies  *  *  *." On review, the Commission concluded that the claimant had sustained permanent loss of use of each arm to the extent of 25%, and awarded $53 per week for a period of 117½ weeks.

The respondent challenges this aspect of the Commission's award. It emphasizes that the claimant did not complain about his right arm until several months after the accident, and it asserts that "there is not one word of testimony in the record concerning the left arm." It contends that the complaints about the arms are purely subjective, and that any such injury is not permanent.

The claimant testified that while he was in the hospital he was conscious of headaches but that his neck "was more painful than anything." He did not notice anything at that time "with reference to my arms." He also testified, however, that he becomes dizzy when he attempts to do work above his head, that his right arm goes to sleep, and that he becomes dizzy when he leans forward to lift heavy objects. Before his injury he had done construction and steel work but he "wouldn't dare go up three hundred feet which

never bothered me before." When he becomes tired his left eyelid practically closes.

X rays showed hypertrophic degenerative disc changes at C-5 and C-6, which in Dr. Slott's opinion would be relatively uncommon in a man of claimant's age without traumatic history. The claimant's ability to move his neck was restricted, and the disc changes would in Dr. Slott's opinion "make motion in the neck restricted, and it would have some effect on the use of his arms." He also stated that there was neurological deficit in the claimant's upper extremities. In addition, Dr. Slott found "post traumatic concussional syndrome," and Meniere's syndrome, and testified that these symptoms could be related to the claimant's traumatic injury.

Dr. Fine testified that the claimant's symptoms would continue, and that surgical intervention might be necessary. Dr. Slott testified that it was practically a certainty that the degenerative disc changes would remain for the duration of claimant's life. It was his opinion that the claimant's injuries "probably could be permanent in nature."

Interpretation of the testimony of medical witnesses is particularly within the province of the Industrial Commission. (*Bethlehem Steel Co.* v. *Industrial Com.*, 6 Ill.2d 290; *Railway Express Agency* v. *Industrial Com.*, 415 Ill. 294.) The absence of evidence of a direct physical injury to the claimant's arms did not bar a finding that their use had been impaired as a result of the undisputed injuries to his head and neck. The respondent could have presented medical evidence before the arbitrator or the Commission, but it did not do so. An award of the Commission is not to be reversed unless its findings are contrary to the manifest weight of the evidence. (*Granite City Steel Co.* v. *Industrial Com.*, 39 Ill.2d 187; *Lewis* v. *Industrial Com.*, 38 Ill.2d 461; *Crouch-Walker Co.* v. *Industrial Com.*, 34 Ill.2d 338.) This is not such a case.

The judgment of the circuit court of Williamson County is affirmed.

*Judgment affirmed.*