(No. 43912.—

GENERAL STEEL INDUSTRIES, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Fred Body, Appellee.)

*Opinion filed November 24, 1971.*

· KEFFE and DE PAULI, of East St. Louis, for appellant.

TERRYL FRANCIS, of Granite City, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from the circuit court of Madison County which confirmed the decision of the Industrial Commission affirming an award of the arbitrator. The arbitrator had awarded the claimant $58 per week from February 1, 1967, until $15,000 would have been paid and thereafter a pension of $150 per month for life under the provisions of the Workmen's Occupational Diseases Act. Ill.Rev.Stat. 1965, ch. 48, par. 172.36 *et seq.*

The claimant started working for General Steel Industries at the age of 23 as a laborer. A year or so later he was transferred to the foundry division and worked there for over 43 years, during which time he was exposed to black smoke and dust including sand dust. He voluntarily retired in January, 1967. In 1948, 18 years before his retirement, his right lung was removed. Following this surgery for a few months he was assigned to work as a janitor and then

returned to the foundry where he worked for 18 more years until his retirement. During 1965 he was only off work two days and that was due to his wife's illness. In 1966 he only missed two days of work until November of that year when he was hospitalized for some surgery due to a bladder condition.

In May 1967, four months after his retirement, he consulted a doctor, complaining of a cough, chest pains, shortness of breath, and pain in his legs. The doctor conducted a series of tests and testified before the arbitrator that he diagnosed the claimant's trouble as anthracosilicosis; that the condition was a direct result of his work environment and that he rated him as totally and permanently disabled. The doctor also testified that he was the father of the attorney for the claimant. The employer offered no medical testimony in opposition to that produced by the claimant.

The employer contends that since the claimant had voluntarily retired, not because of health reasons but to take his steelworker's pension and social security, he cannot now claim disability benefits under the Act. We find no indication in the Act that the legislature intended the claimant to be denied benefits under these conditions. The Act provides that it is the date of disablement and not the date of exposure which governs the giving of notice and filing of a claim. (Ill.Rev.Stat. 1965, ch. 48, par. 172.41(c); see also *Mosby v. Michael Reese Hospital, 49 Ill.App.2d 336.*) That the disablement may have become apparent and occurred after the employment has terminated by voluntary retirement is not a factor that will preclude recovery.

A claimant seeking recovery under the Act has the burden of establishing not only the existence of the disabling disease but also a causal connection between the disease and the condition of his employment. *(Byrd v. Industrial Com., 33 Ill.2d 115.)* The employer contends

that the claimant has not sustained this burden. The only direct evidence on the nature of the claimant's disability and the causal connection was presented by the claimant and was not contradicted by any direct testimony, medical or otherwise, presented by the employer. The employer believes that the claimant's work record indicates his apparent good health up until his retirement and would have this court draw inferences adverse to the claimant from this fact and others in the record. It is not the function of this court to draw inferences in such cases. The arbitrator and the Industrial Commission had all of these facts as well as the direct testimony of the doctor which supported the claimant's position. The fact that the doctor is the father of the attorney for the claimant again only goes to the credibility of his testimony. It is for the Industrial Commission to determine the credibility of the witnesses and to draw whatever reasonable conclusions and inferences are warranted by the evidence. *(Sosniak v. Industrial Com., 37 Ill. 2d 81; Farace v. Industrial Com., 34 Ill.2d 80; Beck v. Industrial Com., 32 Ill.2d 148.)* We shall not attempt to reevaluate the testimony under the circumstances that exist in this case, and the judgment of the circuit court of Madison County confirming the award will be affirmed.

*Judgment affirmed.*