(No. 44005.—

CLYDE R. CUSHING, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(L.D. Collins, Inc., Appellee.)

*Opinion filed November 30, 1971.—Rehearing denied Jan. 27, 1972.*

UNDERWOOD, C.J., took no part.

DUNN, DUNN, BRADY, GOEBEL, ULBRICH & HAYES, of Bloomington, (FRANK M. BRADY, of counsel,) for appellant.

HEYL, ROYSTER, VOELKER & ALLEN, of Peoria, (ROBERT W. ROSSMILLER, of counsel,) for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

Clyde R. Cushing, a claimant for benefits under the Workmen's Compensation Act, has appealed from a judgment of the circuit court of McLean County, which affirmed a decision of the Industrial Commission. The Commission had reversed the arbitrator's finding that the claimant was entitled to an award based on a permanent loss of 20% of the use of his right arm.

Cushing, who was employed by L. D. Collins, Inc. as a carpenter, was injured on March 16, 1965, in the course of his employment. At a hearing before the arbitrator on October 25, 1967, evidence was presented that the

petitioner had fractured his 9th and 10th left ribs in a fall from a scaffold. Dr. Robert Conklin, who testified in behalf of the claimant, related that the claimant had first communicated with him on March 28, 1966, about a year after the injury, and that he had seen him on April 2, 1966, December 6, 1966, and September 27, 1967. He complained of chest pains, especially after sleeping on his left side. The doctor said he found an old fracture and improper fibrous reunion of the 9th and 10th left ribs and a tenderness in the area. The witness said it was unusual for fractured ribs to be disabling, but as the patient continued to have tenderness in the area "it would appear that he does have some disablement as a result of his pain." There was no further testimony as to the nature of the disability or the part of the body affected. On cross-examination Dr. Conklin said there seemed to be a progressive improvement of the condition.

The claimant testified that he had received treatment from the company's physician, Dr. Wellmerling, and that he had been given a supervising assignment for eight months after the accident because of his injury. When he returned to working with tools, he said, he experienced pain on the left side, a condition from which he still suffers.

On the petition of the employer the Commission reviewed the record and reversed the arbitrator's finding of permanent loss of 20% of the use of the right arm. On *certiorari* the circuit court of McLean County reversed the decision of the Industrial Commission and remanded the cause to the Industrial Commission for further proceedings to determine *inter alia* the particular member, if any, which was disabled, and to make specific findings as to the disablement.

At the second hearing the Commission considered a medical report prepared by Dr. Hugh Cooper in behalf of the employer, a deposition given by Dr. Conklin and the testimony of the claimant. Dr. Cooper's report concluded: "Union of rib fractures by fibrous union is not at all

unusual and as a general rule produces no pain. However, occasionally the fibral cartilaginous material about the fracture may produce some chronic irritation of the specific costal nerve and some radiation of pain may occur around over the distribution of that costal nerve. This appears to be the case and must be expected to be permanent. I do not believe, however, that this discomfort should be aggravated particularly by unusual activity and in my opinion Mr. Cushing should be able to carry out quite heavy work without severe trouble. In my opinion he has a mild degree of permanent partial disability as a result of his rib fracture."

Dr. Conklin's deposition was essentially the same as the testimony he had given before the arbitrator. He said that the claimant's condition, when he reexamined him in September, 1969, was basically the same as it was before the arbitrator's hearing.

The testimony of the claimant was lengthy but repetitious. Basically his complaint was of his "upper torso." He said, too, that both his arms were "involved," and that he had pain in them when he worked.

The Industrial Commission confirmed its prior reversal of the arbitrator's award, and the circuit court affirmed the Commission's decision.

It is the claimant's contention here that the arbitrator's finding was correct and that the Commission's decision was contrary to the manifest weight of the evidence.

Some observations on the roles of the court and the Industrial Commission in compensation cases are appropriate. It is clear that the primary responsibility to resolve disputed questions of fact is that of the Industrial Commission. A court will disturb findings of the Industrial Commission only if they are against the manifest weight of the evidence. If the evidence is conflicting or of a nature which permits the reasonable drawing of differing inferences a court will not set aside the award solely because it

might have made a finding on the evidence different from the one made by the Commission or because it might have drawn inferences other than the ones reasonably drawn by the Commission. (*Gubser v. Industrial Com., 42 Ill. 2d 559, 562; Owens-Illinois Glass Co. v. Industrial Com., 39 Ill. 2d 312, 316.*) The commission is not bound by findings made by the arbitrator. *American Smelting and Refining Corp. v. Industrial Com., 13 Ill. 2d 275, 279-280.*

Considering these standards and the evidence presented, we cannot say that the finding of the Commission was contrary to the manifest weight of the evidence. Factual findings are primarily for it and not for the courts. The circuit court did not err in affirming the Commission's decision.

The claimant argues that he is supported by the decision in *Lewandowski v. Industrial Com., 44 Ill. 2d 204,* where the circumstances surrounding the accident were similar to the ones here. There we affirmed the circuit court's reversal of the Industrial Commission, which on the basis of the record had set aside the arbitrator's finding that the claimant had sustained a 10% loss of use of his right arm. We judge that *Lewandowski* is distinguishable. There was medical evidence in that case that "motion of the right arm, especially in extremes of abduction" caused spasm and pain in the rib area. We considered that the employer's medical evidence did not contradict this. Too, the Commission in *Lewandowski* did not hear testimony but acted only on the basis of the record, which disclosed that the claimant had severe difficulties with the English language. This fact, we felt, put the Commission in an inferior position to evaluate the testimony of the employee regarding his injuries.

For the reasons given, the judgment of the circuit court of McLean County is affirmed.

*Judgment affirmed.*

MR. CHIEF JUSTICE UNDERWOOD took no part in the consideration or decision of this case.