(No. 45141.)

THE COUNTY OF COOK, Appellant, v. THE INDUS-
TRIAL COMMISSION *et al.*—(Henry Leslie, Appel-
lee.)

*Opinion filed April 2, 1973.*

EDWARD V. HANRAHAN, State's Attorney, of
Chicago (VINCENT BENTIVENGA, JR. and DONALD P.
SMITH, Assistant State's Attorneys, of counsel), for
appellant.

KANE, DOY & HARRINGTON, of Chicago
(STEVEN H. SHANOK, of counsel), for appellee.

MR. CHIEF JUSTICE UNDERWOOD delivered the
opinion of the court:

This is an appeal by the County of Cook from a
judgment of the circuit court of Cook County affirming a
decision of the Industrial Commission. That decision
confirmed the arbitrator's finding that the claimant, Henry
Leslie, contracted pulmonary tuberculosis as a result of his

employment at Cook County Hospital, thus entitling him to compensation under the Workmen's Occupational Diseases Act.

The facts are undisputed. The claimant was employed as a pathologist's assistant in the autopsy room of Cook County Hospital for about 15 years prior to January 15, 1968, and was also employed during the same period as a laboratory technician and pathologist's assistant at the Chicago State Tuberculosis Sanitarium. He worked approximately 40 hours per week at each institution performing various duties which will be discussed later in this opinion. Every 90 days he was required to submit to routine chest X rays to determine the possible existence of tuberculosis. X rays taken in September, 1967, proved negative. However, X rays taken in January, 1968, revealed the possible existence of tuberculosis, which was later confirmed, leading to surgery for the removal of a portion of his left lung.

In his position as a pathologist's assistant at Cook County Hospital, the claimant prepared cadavers for diagnosis by opening the cadavers and sometimes removing organs. He testified that between September, 1967, and January, 1968, he prepared about 360 cadavers, of which approximately 35 were contagious due to the presence of tuberculosis. The normal attire for persons performing autopsies at Cook County Hospital included white trousers, a white gown and rubber gloves. No face mask was worn unless a case had been prediagnosed as contagious. The claimant testified, however, that tuberculosis was sometimes not diagnosed by the pathologist until the organs were exposed during the autopsy. In such instances, he would then put on a face mask to guard against contraction of the disease.

The Director of the Department of Pathology at Cook County Hospital, Dr. Paul Szento, testified from his notes that during the 5-month period in question there were 6 reported autopsies in which tuberculosis was diagnosed as

the cause of death. However, he had no records as to the number of cadavers on which autopsies were performed in which tuberculosis was present although not the primary cause of death. He corroborated the claimant's testimony that persons in the autopsy room not wearing protective face masks were exposed to tubercular cadavers in cases in which the cause of death was not known and the presence of tuberculosis was not discovered until after removal of the organs. He further testified that the reason for wearing face masks after the discovery of the existence of tuberculosis was to protect against the inhalation of infectious tubercle bacilli which escaped from the exposed tubercular organs and polluted the air.

At the Chicago State Tuberculosis Sanitarium, the claimant spent approximately two thirds of his time as a lab technician doing routine blood examinations in the biochemistry lab. The balance of his time there was spent in assisting with autopsies as a pathologist's assistant. He testified that from September, 1967, through January, 1968, he prepared no more than 3 tubercular cadavers, and that in accordance with the standard procedures for autopsies at the sanitarium he always wore a protective face mask throughout the entire autopsy. The claimant testified further that he had no occasion to come in contact with the residents of the sanitarium.

It was stipulated that if the claimant's treating physician, Dr. Walter Barker, were called to testify on behalf of the claimant, he would testify that there could be a direct causal connection between the claimant's illness and his employment at Cook County Hospital; that there was a possibility of exposure to tuberculosis at both of his places of employment, as well as from his contact with the general public; but that in his opinion the exposure was greater at Cook County Hospital and that his illness was more likely to have been encountered there. It was also stipulated that if Dr. Atlas were called to testify for the County, he would testify that it was possible that claimant

incurred the disease either at Cook County Hospital, the Chicago State Tuberculosis Sanitarium, or as a member of the general public.

It is the County's contention that the claimant did not meet his burden of proof in establishing a direct causal connection between his employment at Cook County Hospital and his illness. In particular, the argument is advanced that he was exposed to tuberculosis at Cook County Hospital, at the Chicago State Tuberculosis Sanitarium and as a member of the public, and that the evidence did not show which one of the three exposures was the actual cause of the illness. In this regard, the County relies on previous decisions of this court in which we have held that the mere possibility that a person may have become afflicted with a disease in the course of his employment is not sufficient to warrant an award of compensation. *Lewis v. Industrial Com. (1967), 38 Ill.2d 461; Byrd v. Industrial Com. (1965), 33 Ill.2d 115; City of Chicago v. Industrial Com. (1949), 403 Ill. 105.*

As we have often stated, it is the province of the Industrial Commission to determine the facts and to draw reasonable inferences and conclusions from the evidence before it. This court will not disturb the findings of the Commission on review unless they are against the manifest weight of the evidence. *Cushing v. Industrial Com. (1971), 50 Ill.2d 179, 181; General Carbon Co. v. Industrial Com. (1972), 50 Ill.2d 273, 276.*

In our opinion, the evidence in the record before us goes substantially beyond establishing only the "mere possibility" of a causal connection between the claimant's illness and his employment at Cook County Hospital. The uncontroverted evidence concerning the larger number of tubercular cadavers the claimant prepared at Cook County Hospital than at the sanitarium during the period in question (approximately 35 as compared to 3), the fact that he always wore a protective face mask during autopsies at the sanitarium, the fact that he was exposed to tubercular organs at Cook County Hospital without the

benefit of a protective face mask, and the stipulated opinion testimony of Dr. Barker that the claimant's exposure to tuberculosis was greater at Cook County Hospital and that his illness was more likely to have been encountered there, all lead to the conclusion that the Industrial Commission's findings were not against the manifest weight of the evidence.

Accordingly, the judgment of the circuit court of Cook County affirming the decision of the Industrial Commission is affirmed.

*Judgment affirmed.*