ANNA LOU SWANSON, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Johns-Manville, Appellee).

First District (Industrial Commission Division)   No. 1—84—379WC

Opinion filed May 30, 1984.—Modified on denial of rehearing November 30, 1984.

Philip F. Maher, of Chicago, for appellant.

Rooks, Pitts, Fullagar & Poust, of Chicago (Douglas F. Stevenson and Robert B. Hess, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Petitioner, Anna Lou Swanson, appeals from a judgment of the circuit court of Cook County confirming a decision of the Industrial Commission. The Commission denied compensation to Swanson on a claim for work-related asbestosis brought under the Workmen's Occupational Diseases Act (Ill. Rev. Stat. 1967, ch. 48, par. 172.36 *et seq.*).

Petitioner was employed by respondent Johns-Manville from 1951 to 1968. Most of that time, her duties required her to go into the manufacturing area, where she was exposed to silica and asbestos.

The arbitrator found that the relationship of employee and employer existed between petitioner and respondent; that petitioner was exposed to the hazards of an occupational disease; that said exposure resulted in an occupational disease; and that said exposure and said

disease arose out of and in the course of her employment. The arbitrator found, however, that petitioner's present state of ill-being "which has resulted in her disablement" was not causally related to her exposure to an occupational disease. The Commission affirmed and adopted the decision of the arbitrator.

■ A claimant seeking recovery under the Act has the burden of establishing not only the existence of the disabling disease but also a causal connection between the disease and the condition of employment. (*General Steel Industries v. Industrial Com.* (1971), 49 Ill. 2d 552, 276 N.E.2d 290; *Rockford Transit Corp. v. Industrial Com.* (1967), 38 Ill. 2d 111, 230 N.E.2d 264.) A worker is considered disabled when he can no longer work without endangering his life or health. (*Owens-Corning Fiberglas Corp. v. Industrial Com.* (1977), 66 Ill. 2d 247, 362 N.E.2d 335.) Petitioner maintains that the Commission's decision, that she did not prove her disablement was causally related to her occupational disease, is against the manifest weight of the evidence. We agree.

■ Petitioner had chest pains, respiratory congestion, numb extremities, difficulty in breathing, and difficulty in climbing stairs. Each of these problems was associated with her decreased pulmonary function due to asbestosis and left her disabled. Hence, petitioner met her burden under the Act, and the Commission erred in denying recovery to her.

The Commission may have been diverted from a proper conclusion because some of the evidence presented by petitioner included expenses for treatment of medical conditions which she did not prove were causally related to asbestosis. There was testimony that petitioner was also receiving treatment for obesity, constipation, bowel blockage, carpal tunnel syndrome, ulcers, hemorrhoids and tenosynovitis. Nevertheless, petitioner is entitled to compensation for her disability and expenses incurred in the diagnosis and treatment of her asbestosis as provided in section 8 of the Act.

■ We also reject Johns-Manville's argument that the Commission merely resolved the matter of disputed medical evidence in favor of respondent. Petitioner offered the report of Dr. William W. Douglas of Mayo Clinic, who diagnosed petitioner's condition as asbestosis. The report also contained a statement that the doctor recognized her asbestosis before he knew petitioner was exposed to asbestos. Johns-Manville countered with the testimony of Dr. Eugene Pitts that petitioner did not have asbestosis. It is clear from its findings that the Commission rejected the testimony of Dr. Pitts and accepted the medical evidence offered by Dr. Douglas that petitioner had asbestosis.

■ Johns-Manville maintains, however, that the statute of limitations precludes petitioner's claim. Section 6(c) of the Act requires notice to the employer within one year of the disablement. (Ill. Rev. Stat. 1967, ch. 48, par. 172.41(c).) The date of disablement, and not the last day of exposure, governs the giving of notice. (*General Steel Industries v. Industrial Com.* (1971), 49 Ill. 2d 552, 276 N.E.2d 290.) This requirement, that application for adjustment of claim must be filed within one year after disability or after the last payment of compensation, is a statute of limitations rather than a jurisdictional requirement, and it may be waived. *Pantle v. Industrial Com.* (1975), 61 Ill. 2d 365, 335 N.E.2d 491.

Although the issue was apparent on the face of the application, the first time the statute of limitations was raised was one year after the claim was filed, during the testimony of petitioner before the arbitrator. At that time, counsel for Johns-Manville stated that the statute did not apply. The issue was not raised again until two years later, at which time the arbitrator found that Johns-Manville had waived the right to raise the issue. The Commission affirmed the finding. The Commission's decision that Johns-Manville waived this affirmative defense by failing to assert it in a timely manner is not against the manifest weight of the evidence.

■ Johns-Manville finally contends that under the statute then prevailing petitioner could only be found disabled if she was not earning full wages. (Ill. Rev. Stat. 1967, ch. 48, par. 172.36(e).) Since petitioner earned full wages in the year after she left Johns-Manville, Johns-Manville argues that she was not disabled. Johns-Manville did not raise this issue in its brief and first mentioned the contention at oral argument. Consequently, we deem the issue waived. *Riley v. Unknown Owners* (1975), 25 Ill. App. 3d 895, 324 N.E.2d 78.

For the reasons stated, the judgment of the circuit court of Cook County affirming the decision of the Industrial Commission is vacated and the cause is remanded to the Commission for further proceedings consistent with the holdings of this opinion.

Vacated and remanded.

SEIDENFELD, P.J., and BARRY, WEBBER and KASSERMAN, JJ., concur.