494

(No. 40062.— )

NEW CITY IRON WORKS, Appellant, *vs*. THE INDUSTRIAL COMMISSION *et al.*—(ROBERT F. KLEIN, Appellee.)

*Opinion filed Nov. 30, 1967.—Rehearing denied Jan. 18, 1968.*

ANGERSTEIN & ANGERSTEIN, of Chicago, (JAMES F. GORMAN, CHARLES WOLFF, and SIDNEY Z. KARASIK, of counsel,) for appellant.

THOMAS G. CRONIN, of Chicago, (WILLIAM J. HARTE, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The Industrial Commission granted an award to claimant, Robert F. Klein, for partial specific disability from an injury arising out of and in the course of his employment by New City Iron Works. The circuit court of Cook County confirmed the award and New City appeals directly to this court under our Rule 302.

The sole issue is whether the evidence supports the Commission's decision that claimant suffered the permanent loss of the use of his right leg to the extent of 25%.

Klein, an iron worker and welder, injured his back when he and three other men were lifting steel weighing 400 to 450 pounds. He testified that he still has pain in his

back, that he has pain, numbness and tingling in his leg, and that he gets a weakening in the leg, and it has on occasion collapsed. Dr. Rubert, who testified for claimant, said he found right inguinal hernia, lumbosacral disc space narrowing and protrusion, nerve root irritation in the right leg, sciatica and disc syndrome changes. Dr. Chwatal and Dr. Schwartz, who testified for the appellant, both said they found no evidence of injury or disability in Klein's back or legs.

Although appellant concedes that resolving the conflict in the medical testimony was properly a function of the Commission, it argues the Commission erred in finding 25% specific disability of the leg because this finding is inherently inconsistent with the uncontroverted circumstances of the case. The record shows that when Klein injured his back on Thursday he went to the company nurse and was given pain pills. He went to work the next day and was examined by the company doctor who gave him pills and physiotherapy on Friday and again on Monday and Tuesday of the next week. He did not work the next six days. During this time he saw another company doctor who also gave him pills. Thereafter he saw his family doctor who prescribed a belt.

The gist of appellant's argument is that the finding of 25% specific disability of the leg is inconsistent with the fact that Klein worked three days after his injury, lost only 6 days of work, received no medical treatment except for a few physiotherapy treatments shortly after he was injured and has been able to perform the same work he has always performed.

We do not find the inconsistency appellant says exists between the Commission's finding and these facts. Klein said he went to work three days after he injured himself but he also said he was in great pain and did little work. There is nothing to indicate what medical treatment Klein should have received for his injury other than that which

he did receive. Dr. Rubert said he did not think surgery was advisable. Klein told how he was able to continue with his duties as an iron worker and welder although he could only lift about half the weight he could lift before he injured himself.

We cannot say that the determination of the Commission is against the manifest weight of the evidence. The decision of the circuit court of Cook County confirming the award of the Industrial Commission is affirmed.

*Judgment affirmed.*