(No. 48213.—

FERRIN COOPERATIVE EQUITY EXCHANGE, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*— (Melvin Heinzmann, Appellee.)

*Opinion filed Oct. 1, 1976.—Rehearing denied Nov. 12, 1976.*

John P. Wham, of Wham & Wham, of Centralia, for appellant.

C. E. Heiligenstein, of Belleville, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

An arbitrator for the Industrial Commission found that petitioner, Melvin Heinzmann, was permanently and totally disabled as the result of an accidental injury sustained while he was employed by respondent, Ferrin Cooperative Equity Exchange, and awarded him compensation for permanent and total disability and a pension for life. On review, after hearing additional testimony, the Industrial Commission affirmed the arbitrator's decision and ordered that it stand as the decision of the Commission. On *certiorari* the circuit court of Clinton County confirmed the decision of the Industrial Commission and respondent appealed. Supreme Court Rule 302(a).

Respondent contends that the Commission's findings that petitioner suffered an accidental injury, that he gave timely notice of the accident, and that the accidental injury caused his disability are against the manifest weight of the evidence. Petitioner argues that the findings are not against the manifest weight of the evidence and the judgment should be affirmed.

Petitioner testified that he had been employed by respondent for approximately 19 years. He had no specific job classification and his work consisted of handling bags of grain and feed, grinding and delivering feed and some

truck driving. During almost every work day he had handled bags weighing from 50 to 150 pounds. His health was good, and he was able to do the work assigned him by his supervisors. On May 30, 1972, he was loading bags of oats which weighed approximately 90 pounds. He had bent to pick up one of them and when he lifted it "my back popped and from then on I had trouble with my back." He felt pain in his back where he heard the "pop." Although for a while thereafter he felt pain when he lifted the bags he finished loading the oats and approximately one hour after the accident he reported it to his boss, Eddie Potts. That night he could not bend over or sit down. The next morning he felt pain in his back. He called respondent's office to report that he could not come to work. He was off work three days. At approximately Christmas time he was off work for a month and then returned to work and worked until he was operated on in April 1973. His back continued to hurt.

He was treated by two physicians in Carlyle and then saw Dr. Fritsch, an orthopedic surgeon in Belleville. He underwent surgery and has not worked since. Petitioner has an eighth grade education and no skills or training which would qualify him for work other than labor.

Brenda Heinzmann, petitioner's wife, testified that when petitioner came home on May 30, 1972, he complained of pain in his back. He had no physical disability prior to that time. She called respondent's office the next morning to tell them that petitioner would not come to work that day. She obtained a claim form from Mr. Potts because she knew a claim notice was required.

Dr. Fritsch testified that he first saw petitioner on July 18, 1972. He made a diagnosis of a "degenerative disk at L—5, S—1" and prescribed a back support. He saw petitioner several times and in April 1973 performed a myelogram which "showed extrinsic pressure defects at L3—4, L4—5 and L5—S1." Dr. Fritsch performed a laminectomy in which he "did a decompression at L4 and

5 and L5 and S1 and took out the facets, removed scar tissue binding the root nerves down on both sides and immobilized the nerve roots at all four levels." Dr. Fritsch expressed the opinion that there could be a causal connection between the alleged injury and the condition which he found, and that petitioner was permanently and totally disabled "from heavy lifting and heavy type of work."

Mr. Potts, respondent's general manager, denied that petitioner had told him of the accident and testified that the earliest notice received was contained in a "notice of claim" form which he had given petitioner at his request and which was returned, completed, on July 18, 1972. Respondent's bookkeeper testified that payroll records showed that petitioner worked the three working days following May 30, 1972. Dr. George L. Hawkins, a neurological surgeon who examined petitioner at respondent's request, testified that his disability was caused by "a bilateral pyramidal tract involvement of the motor pathways from his brain to the muscles of his arms and legs." He stated that there could be no relationship between the laminectomy and petitioner's condition.

Although petitioner's testimony concerning the alleged accident is not contradicted, and it is not disputed that he is disabled, the record presents conflicting testimony on the issues of timely notice and the cause of his disability. On the question of notice, petitioner testified positively and unequivocally that he reported the accident to Mr. Potts on the same day. Potts testified that he did not recall a conversation with petitioner and his denial of notice appears to be based to some extent on his failure to follow the usual procedure "to immediately call the Farmers Mutual Agent." We have repeatedly held that the findings of the Industrial Commission will not be disturbed unless they are against the manifest weight of the evidence. This rule applies to the finding whether there was an accidental injury which arose out of and in the course of

the employment (*Sohio Pipe Line Co. v. Industrial Com.*, 63 Ill. 2d 147), whether there was timely notice (*Androna-co v. Industrial Com.*, 50 Ill. 2d 251), and the causation and nature and extent of the disability suffered (*Payne v. Industrial Com.*, 61 Ill. 2d 66). Our examination of the record shows that the findings here are not contrary to the manifest weight of the evidence, and the judgment of the circuit court of Clinton County is affirmed.

*Judgment affirmed.*