(No. 49100.–)

JOHN PARRIS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Stanley H. Moss, Appellee.)

*Opinion filed November 30, 1977.*

32

Henry D. Noetzel and Associates, of Peoria (Henry D. Noetzel and John E. Mitchell, of counsel), for appellant.

Peter F. Ferracuti and Associates, of Ottawa (Peter F. Ferracuti and Melvin H. Hoffman, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

An arbitrator for the Industrial Commission found that petitioner, Stanley H. Moss, had failed to prove that the relationship of employee and employer existed between petitioner and the respondent, John Parris, d/b/a Sandwich Iron Foundry, on the date of last exposure alleged in petitioner's application for adjustment of claim for compensation under the Workmen's Occupational Diseases Act (Ill. Rev. Stat. 1969, ch. 48, par. 172.36 *et seq.*) and denied him compensation. On review, after hearing additional testimony, the Industrial Commission affirmed the arbitrator's decision and ordered that it stand as the decision of the Commission. On *certiorari*, the circuit court of La Salle County, holding that the decision of the Commission was against the manifest weight of the evidence, remanded to the Industrial Commission "for an

appropriate order as to the nature and extent of disability." On remand, without taking additional testimony, the Commission found that on the date of last exposure alleged in the application for adjustment of claim, as amended, the relationship of employer and employee existed between the respondent and petitioner, that notice of exposure to an occupational disease was given within the time required under the provisions of the Act; that as a result of said exposure the petitioner was totally and permanently incapacitated for work and entitled to compensation in accordance with the provisions of section 8(f) of the Act (Ill. Rev. Stat. 1969, ch. 48, par. 172.43(f)). On *certiorari,* the circuit court confirmed the decision of the Industrial Commission and respondent appealed. 58 Ill. 2d R. 302(a).

Respondent contends that in holding that the decision of the Commission denying compensation was against the manifest weight of the evidence and remanding the cause, the circuit court erred. He argues that petitioner has failed to prove "by competent evidence" that there was a direct causal connection between exposures of the employment and the resultant disease, that the disablement allegedly resulting from the occupational disease occurred within the statutory period or that it prevented the earning of full wages in other suitable employment, and that petitioner failed to give notice of such disablement "as soon as practicable."

Petitioner testified that from 1945 to 1969 he had been employed by respondent four or five times, the last period of employment being from March or April 1969 to October 9, 1969. While so employed in 1969 petitioner worked as a molder and his work required constant exposure to sand dust particles. There was a sand bin within 20 feet of where he worked. He testified that "when he was passing off, your dust would get so thick in there that you can't see your hand in front of you," that

"when red hot castings were shook out [the sand] would naturally just come up in black clouds," and that when sand was unloaded there was "sand all through the foundry floating through the air."

Petitioner's brother, John Moss, who was employed at respondent's foundry continuously from 1959 to 1971, testified that in molding operations there was dust in the molding area "all the time," that sand was stored in an open bin and brought in by conveyor and at times it was so dusty that he "couldn't see or breathe." He stated that the ventilating fans did little to alleviate the dusty conditions.

Charles Rushing, called by petitioner, testified that he was employed by respondent during the period of petitioner's employment and "it was always dusty."

In December 1969, petitioner was having "breathing problems." He first consulted Dr. Grimes, a physician, in August of 1971, who referred him to Dr. Robert Jensik, a specialist in thoracic surgery. At the hearing before the arbitrator, Dr. Jensik testified that as the result of his examination of petitioner and the X rays and tissue specimens from a lung biopsy showing the presence of silicon, he diagnosed petitioner's condition as silicosis. He stated that petitioner's condition would limit his physical activities and that little, if any, improvement would occur. He stated further that because of the scarring in petitioner's lung his heart would enlarge on the right side, a condition which he described as "cardiomegalia." Dr. Jensik also testified that silicosis is "related to occupation and occurs with people in molding trades." Respondent offered no evidence before the arbitrator or the Commission.

Petitioner has a sixth-grade education and had worked in foundries "on and off my whole life." After leaving respondent's employ in 1969 he had been employed intermittently as a part-time bartender and farmhand but

had been unemployed since April 1972.

We consider first respondent's contention that the circuit court erred in holding that the decision of the Commission denying compensation was against the manifest weight of the evidence and that its remanding order erroneously assumed "exposure to silica, causal connection and disablement." The only finding made by the arbitrator was that petitioner had failed to prove that on October 9, 1969, there existed between respondent and petitioner the relationship of employer and employee, and in affirming the decision the Commission adopted that finding and made no additional ones. Respondent argues, "It is implicit in the decision of the Industrial Commission *** that the claimant failed to establish his *prima facie* case. To require the Industrial Commission to change their decision from a denial of employer-employee relationship to a finding of employer-employee relationship on October 9, 1969, while denying compensation would have been to require them to do a useless act. The denial of an employer-employee relationship would give rise to the same result as a denial of proof of exposure or disablement or notice. That result would have been no right to compensation for the claimant." We do not agree. Respondent's payroll records, admitted without objection, showed that petitioner was employed at the foundry from January 4, 1968, through October 9, 1969, and the finding made was clearly erroneous. We find no basis in the record to hold that other findings, not set forth, were "implicit in the decision of the Industrial Commission." Nor do we agree with respondent that the remanding order left the Commission with no alternative to finding that petitioner was suffering from silicosis and, as the result thereof, was disabled. So far as the record reflects, in entering its earlier order, the Commission considered only the question of the existence of the employer and employee relationship. Under the remanding order the Commission was free to

decide that petitioner had not suffered any disability, but it did not do so.

In the posture in which this case was considered by the circuit court, the rules governing review of decisions of the Industrial Commission would require that the decision be confirmed unless the findings are against the manifest weight of the evidence.

Section 1(d) of the Workmen's Occupational Diseases Act in pertinent part provided:

> "An employee shall be conclusively deemed to have been exposed to the hazards of an occupational disease when for any length of time however short, he is employed in an occupation or process in which the hazard of the disease exists ***." Ill. Rev. Stat. 1969, ch. 48, par. 172.36(d).

The testimony that petitioner was exposed to a great deal of sand and dust is not controverted, and respondent offered no testimony to refute Dr. Jensik's testimony that the petitioner was suffering from silicosis and that he was unable to perform heavy labor. Respondent suggests that petitioner, while engaged in farming activities, may have come in contact with silicon particles and that the evidence failed to show the requisite causal connection between petitioner's employment and the disease from which he suffered. There is, however, no evidence that petitioner's farm work, which consisted of such activities as driving a tractor and shoveling manure, exposed him to dust which contained silicon particles. We find apposite here the statement in *Payne v. Industrial Com.*, 61 Ill. 2d 66, that "The resolution of questions of fact, including questions as to the nature and extent of disability and as to causation, is primarily for the Industrial Commission. (*General Steel Industries v. Industrial Com.*, 49 Ill. 2d 552.) We cannot substitute our judgment for that of the Commission (*Allis-Chalmers Manufacturing Co. v. Industrial Com.*, 33 Ill. 2d 268) unless its finding is contrary to

the manifest weight of the evidence. (*Rysdon Products Co. v. Industrial Com.*, 34 Ill. 2d 326, 330; *Leason v. Industrial Com.*, 55 Ill. 2d 486, 493.) Clearly the finding here of the Commission was not." 61 Ill. 2d 66, 69.

Concerning the question whether, as required by the Act, notice was given respondent "as soon as practicable after the date of disablement," the testimony showed that the application for adjustment of claim was filed approximately four months after Dr. Jensik made the diagnosis of silicosis, and approximately one month after the date on which petitioner testified he was no longer able to perform work of any kind. The Industrial Commission found that notice was given within the time required under the provisions of the Act, and we are unable to say that its finding is against the manifest weight of the evidence. (*Crane Co. v. Industrial Com.*, 32 Ill. 2d 348.) For the reasons stated, the judgment of the circuit court of La Salle County is affirmed.

*Judgment affirmed.*