(No. 50112.—

HIRAM WALKER & SONS, INC., Appellee, v. THE INDUSTRIAL COMMISSION *et al.*—(Geraldine Taylor, Appellant.)

*Opinion filed May 16, 1978.*

KLUCZYNSKI, J., took no part.

Morton S. Goldfine and Lawrence L. Hermalyn, of Peoria, for appellant.

Goldsworthy, Fifield & Gorman, of Peoria (Jordan A. Fifield and Joseph E. Winne, of counsel), for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

The sole issue in this proceeding under the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.1

*et seq.*) is the nature and extent of the injury suffered by claimant Geraldine Taylor on April 21, 1975, while working at the Peoria plant of respondent, Hiram Walker & Sons, Inc. The arbitrator awarded claimant $80.90 per week for 35¼ weeks pursuant to section 8(e) (Ill. Rev. Stat. 1973, ch. 48, par. 138.8(e)) for a 15% loss of use of the left arm. The Commission affirmed. The circuit court of Peoria County, however, held that the record "fails to substantiate the finding of any permanent disability," and set aside the award. The appeal is before us pursuant to our Rule 302(a). 58 Ill. 2d R. 302(a).

Claimant's injury occurred on her first day back to work after having been laid off for a substantial period of time during which she had been involved in an auto accident and suffered injuries including a contusion of the left shoulder. Her job duties included lifting crates of bottles onto a conveyor belt. After lunch, she complained of pains in her left hand and arm and noticed that it was swollen and discolored. The foreman referred her to the nurse, who gave her a whirlpool treatment and a steel guard which protected her left forearm, wrist and hand. Claimant returned for two days to the same job, wearing the steel guard; she subsequently was given a more flexible wrist support, which she continued to wear to work at the time of the hearing before the arbitrator.

The record contains reports from the examining physicians. Dr. Horacio R. Rivero, who examined claimant on May 24, 1976, found tenderness in the left wrist and forearm and a limitation of movement. He diagnosed the condition as resulting from an injury to the left hand, wrist and forearm including pain, stiffness and weakness and indicated further treatment would be needed.

Claimant was also examined, on at least two occasions, the last of which was on December 18, 1975, by an orthopedic surgeon, Dr. David E. Conner. His report stated his impression that claimant had a "Resolving tenosyno-

vitis, left wrist, dorsum." He recommended she continue the wrist support until the pain resolved.

The determination of disputed facts and the drawing of reasonable inferences from the evidence in workmen's compensation cases are the province of the Industrial Commission, and its findings regarding the nature and extent of a disability will not be set aside unless they are contrary to the manifest weight of the evidence. (*A. O. Smith Corp. v. Industrial Com.* (1977), 69 Ill. 2d 240, 246; *Parris v. Industrial Com.* (1977), 69 Ill. 2d 31, 37-38; *Ferrin Cooperative Equity Exchange v. Industrial Com.* (1976), 64 Ill. 2d 445, 448-49.) In reviewing those findings and conclusions the function of a court is limited to determining whether they are contrary to the manifest weight of the evidence. Only in the event they are may the courts intervene. (*A. O. Smith Corp. v. Industrial Com.* (1977), 69 Ill. 2d 240, 245-46.) Here, the record contains not only claimant's own testimony regarding continuing pain and weakness in the left arm, but medical opinion predicated on an examination performed more than a year after the injury which found continuing tenderness, limitation of motion and need for futher treatment. Considering these circumstances and the absence of proof relating the present ill-being to the 1974 auto accident, we do not believe the award may be said to be contrary to the manifest weight of the evidence.

The judgment of the circuit court of Peoria County is accordingly reversed and the Commission's award reinstated.

*Judgment reversed;*
*award reinstated.*

MR. JUSTICE KLUCZYNSKI took no part in the consideration or decision of this case.