(No. 51624

THE COUNTY OF COOK, Appellant, v. THE INDUS-TRIAL COMMISSION *et al.* (Ronald Nowocin, Appellee).

*Opinion filed December 20, 1979.*

MORAN, J., dissenting.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., Deputy State's Attorney, and Leonard N. Foster, Assistant State's Attorney, of counsel), for appellant.

Creswell & McLaughlin, of Chicago (William P. Landon, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

In proceedings under the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.1 *et seq.*), an arbitrator for the Industrial Commission found that claimant, Ronald Nowocin, was disabled as a result of an accident sustained while he was employed by respondent, the County of Cook, Department of Highways. The arbitrator awarded claimant compensation for $165 in medical and hospital expenses, $118.61 per week for 6 6/7 weeks for temporary total incapacity, and $118.61 per week for 82¼ weeks for the 35% loss of use of the right arm. On review, the Commission affirmed the arbitrator's decision. On *certiorari,* the circuit court of Cook County confirmed the decision of the Industrial Commission, and respondent appealed to this court pursuant to Rule 302(a) (58 Ill. 2d R. 302(a)). Respondent contends that the judgment must be reversed and the matter remanded to the Industrial Commission for a redetermination of claimant's award for the reason that it is excessive.

On November 18, 1975, while working along the side of a road, claimant was struck on the left side by an automobile and thrown into a ditch. He testified that immediately following the accident he experienced pain in both arms and one leg and soreness in his back. He was taken to a hospital and treated for scratches and bruises,

and his left arm was placed in a sling for two weeks. A week after the accident, he noticed stiffness and soreness in his right elbow. For the next four weeks he received treatment for the soreness in the elbow by exercising and soaking it in hot water. On January 5, 1976, claimant returned to his former job, with complaints of pain and stiffness and an inability to straighten out his right arm. His complaints remained essentially the same up to and including his hearing on September 15, 1976. In his testimony, he stated that he experiences pain in the right arm when lifting heavy objects. He also stated that he is no longer able to throw a bowling ball and that he once attempted to lift a baby but the arm "gave out" on him.

The only issue presented to this court is the nature and extent of claimant's right elbow injury, all other issues having been stipulated to by the parties. Claimant's testimony and the medical reports of Dr. Robert C. Busch, representing claimant, and Dr. Oliver V. Renaud, respondent's physician, were the only evidence presented as to the extent of claimant's injuries. Dr. Busch examined claimant on March 15 and April 3, 1976. His summary report indicated that claimant complained of stiffness and weakness in the right elbow, difficulty in lifting, and an inability to straighten the right arm. Dr. Busch's physical examination of claimant revealed tenderness and a spasm in his right elbow, and X rays showed irregular translucent structural lines and calcification in the right elbow, which he diagnosed as a fracture.

Dr. Renaud's report indicated that, as to his right arm, claimant complained of loss of strength, recurring stiffness, and inability to straighten out the arm. Dr. Renaud also noted that the X rays showed an increase in soft tissue densities in the right elbow.

Although both physicians agree that there is some damage to claimant's right elbow and that he experiences difficulty, respondent argues that the award of $118.61

per week for 82¼ weeks for the 35% loss of use of his right arm is grossly excessive. Respondent acknowledges that it has found no decision of this court in which a cause was remanded to the Commission for a redetermination of an award on the ground that the award was grossly excessive. It does cite *Hiram Walker & Sons, Inc. v. Industrial Com.* (1978), 71 Ill. 2d 476, in asking us to compare the present award with prior awards. In *Hiram Walker,* said by respondent to be "a superficially similar case involving injury to a wrist," we affirmed an arbitrator's award for the 15% loss of use of an arm. Respondent also asks us to consider that the award for 82¼ weeks exceeds that which might be recovered for the complete loss of a thumb, a finger, a toe, or other injuries enumerated in the schedule of benefits. Ill. Rev. Stat. 1975, ch. 48, par. 138.8(e).

In considering respondent's argument, we are not convinced that we should approach the subject in so mechanical a fashion. To a great extent, we interpret respondent's argument as a disagreement with the schedule of benefits enacted by the legislature, but this is an area in which we cannot interfere.

Nor are we convinced that the award is otherwise improper. In the *Hiram Walker* case, we explained the reviewing court's only function in these cases, stating:

> "The determination of disputed facts and the drawing of reasonable inferences from the evidence in workmen's compensation cases are the province of the Industrial Commission, and its findings regarding the nature and extent of a disability will not be set aside unless they are contrary to the manifest weight of the evidence. (*A. O. Smith Corp. v. Industrial Com.* (1977), 69 Ill. 2d 240, 246; *Parris v. Industrial Com.* (1977), 69 Ill. 2d 31, 37-38; *Ferrin Cooperative Equity Exchange v. Industrial Com.* (1976), 64 Ill. 2d 445, 448-49.) In reviewing those findings and conclusions the function of a court is limited to

determining whether they are contrary to the manifest weight of the evidence. Only in the event they are may the courts intervene. (*A. O. Smith Corp. v. Industrial Com.* (1977), 69 Ill. 2d 240, 245-46.)" (*Hiram Walker & Sons, Inc. v. Industrial Com.* (1978), 71 Ill. 2d 476, 479.) Significantly, we note that the same standard of review is applied where a claimant contends that an award is inadequate. *Shockley v. Industrial Com.* (1979), 75 Ill. 2d 189, 193.

Measured against this standard, we find no defect in the award. There is ample evidence that claimant is experiencing difficulty in manipulating the arm, in lifting heavy objects, and in pursuing recreational interests. The only evidence arguably inconsistent with the award is that claimant returned to work approximately six weeks after the accident and has since remained on the job. The fact is, however, that many disabled individuals choose to return to work for many reasons, be it the inadequacy of health insurance, personal preference, or other cause. In any event, the crucial inquiry in determining specific loss is not whether the employee has returned to work, but whether he has sustained some lasting injury. In this regard, we do not believe that the Commission's decision is against the manifest weight of the evidence.

The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*

MR. JUSTICE MORAN, dissenting:

The factual background within the opinion is generally correct, except that the record does not support the statement that claimant's right elbow was fractured. When claimant was asked what treatment had been prescribed by his doctor, he responded, "He told me to soak it in hot water, warm water and move it up and down." This claimant did for four weeks.

326

It is the rule that, on review, the circuit court will not set aside the findings of the Industrial Commission unless those findings are contrary to the manifest weight of the evidence. I am of the opinion that this rule applies to the amount of the award as well as to the finding of liability.

Respondent posited that the instant award exceeds that which is recoverable, according to the schedule of benefits, for the complete loss of a thumb, finger, or toe (among other injuries). The opinion characterizes this approach as "mechanical" and a disagreement with a schedule of benefits enacted by the legislature. I find respondent's statement to be mere emphasis to show the excessiveness of the present award even as it is compared to the awards allowable for significantly more serious injuries.

Claimant's counsel has stated he found no case in which this court set aside an award because of its excessiveness. Because it *has* not been done does not mean that it *should* not or, indeed, *could* not have been done. I feel that the majority's formalization of such a limitation undermines a purpose of review and makes the court's consideration of awards merely a "mechanical" rubber-stamping of the Commission's discretion.

The trial court reluctantly felt compelled, because of the absence of precedence in the reduction of Commission awards, to confirm the determination. It stated, however:

> "Counsel for the applicant here is correct when he states that the rule in Illinois is not whether or not this Court would come to the same conclusion as the Industrial Commission but whether or not the Industrial Commission's decision is obviously and clearly wrong.
>
> This case is as close to being in my opinion obviously and clearly wrong as any case I have seen on the question of nature and extent of disability. I find the conclusion to be gross quite frankly. I suggest if this kind of case were brought in the Municipal Division of the Circuit Court and if the proofs were presented in the Municipal Court, the

award would not exceed $800 let alone $8,000.

Here they have determined that this bruise and this hurt to this arm is the equivalent of thirty-five percent of a loss of the right arm although I think that is outrageous.

If, to find a Commission's decision in error, it must be found that such decision is "obviously and clearly wrong," the extravagance of the instant award would, in my estimation, clearly meet that condition.

I would reverse the judgment of the circuit court and remand the cause to that court with directions to set aside the findings of the Industrial Commission and for such further proceedings as may be provided by statute. *Taylor Coal Co. v. Industrial Com.* (1922), 301 Ill. 548, 553.