(No. 52122.—

MORIN ERECTION COMPANY, INC., Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Edward Wojtysiak, Appellant).

*Opinion filed May 22, 1980.*

Warren E. Danz, P.C., of Peoria (Richard G. Leiser, of counsel), for appellant.

Marshall A. Susler and Linda M. Castleman, of Owen, Roberts, Susler & Murphy, of Decatur, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

An arbitrator awarded claimant, Edward Wojtysiak, 3% partial disability under section 8(d) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.8(d)(2)). On review, the Industrial Commission affirmed the arbitrator's award. The circuit court of Macon County reversed, finding the award to be against the manifest weight of the evidence, and claimant appeals.

On August 22, 1975, claimant slipped as he was carrying scaffolding for the employer, Morin Erection Company. The claimant continued to work for a few days but, because he complained of continued abdominal pain

and discomfort which had commenced at the time of the slip, he was taken to the emergency room of a local hospital. The doctor there advised him that he had a hernia which required surgery. Claimant elected to return to Yale, Michigan, his home town, where Dr. Kahn performed the hernia operation. Claimant did not complain to either the emergency room physician or Dr. Kahn about anything other than the abdominal injury. However, as the only witness to testify before the arbitrator, claimant at that time stated that his right arm, shoulder and leg had also been injured in the accident and that he had treated himself at home with hot baths and massage. When the claimant returned to work in January 1976 he experienced sharp pains in the right leg and shoulder. In May of 1976, claimant suffered a stroke which affected his speech and caused partial paralysis of the right side of the body.

Prior to the hearing before the arbitrator, the parties stipulated that the accidental injuries arose out of and in the course of claimant's employment. In addition to his testimony, claimant introduced a medical report from Dr. Horacio Rivero, who examined claimant on February 18, 1976 (prior to the stroke). Dr. Rivero found "tenderness at the level of the right arm and shoulder joint, posteriorly, having 35° to 40° limitation of the right arm to straight-up raising" and "some degree of stiffness to internal rotation." The right hand showed "some degree of stiffness to make a fist" and "difficulty in bringing the thumb across the palm of the hand." "Straight up leg raising" showed "the right to be positive at 35°, the left at 65°."

The only evidence introduced by the employer was a medical report of its Dr. Joseph Schrodt, who examined claimant on May 24, 1977 (subsequent to the stroke). The report stated that claimant "has marked weakness related to this paresis from his stroke and is actually unable to dorsaflex his wrist." Dr. Schrodt further found "facial motor weakness along with paresis in the right upper extremity and weakness in the right lower ex-

tremity."

No additional evidence was presented on review before the Industrial Commission.

To sustain the trial court's judgment, respondent argues that claimant failed in his burden of proving that the disability allowed by the Commission was caused by the accident of August 22, 1975. It is respondent's position that the disabilities claimed at the time of the hearing were the result of the stroke suffered by claimant subsequent to the accident. In this assertion, respondent relies on Dr. Schrodt's report. Therein, however, Dr. Schrodt merely stated his observations of claimant's physical condition subsequent to his stroke; no attempt was made to attribute any of such observations to claimant's earlier accidental injuries, but neither was the possibility of a causal relationship excluded.

On the other hand, in meeting the burden of proof in a workmen's compensation action, the testimony of the claimant alone can sustain an award. (*Thrall Car Manufacturing Co. v. Industrial Com.* (1976), 64 Ill. 2d 459, 463.) Herein, the claimant's testimony was corroborated by Dr. Rivero's report which was drawn as a result of an examination conducted after the accident and before the stroke.

It is the province of the Commission to draw reasonable inferences from the evidence introduced, and its finding as to the nature and extent of a disability will not be set aside unless against the manifest weight of the evidence. *Hiram Walker & Sons, Inc. v. Industrial Com.* (1978), 71 Ill. 2d 476, 479.

Evidence in this case is sufficient to sustain the claimant's burden of proof, and the Commission could reasonably conclude that the August 22, 1975, accident caused the injury for which an award was granted.

*Judgment reversed;*
*award reinstated.*