PATRICIA LANE, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*
(Hiram Walker & Sons, Inc., Appellees).

Third District (Industrial Commission Division)   No. 3—85—0213WC

Opinion filed March 6, 1986.

Warren E. Danz, of Danz & Kleczek, P.C., of Peoria, for appellant.

Raymond C. Williams, of Goldsworthy & Fifield, of Peoria, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Petitioner, Patricia Lane, filed a claim seeking compensation for an injury sustained while employed by respondent, Hiram Walker and Sons, Inc. An arbitrator awarded petitioner $217.33 per week for

143.29 weeks for temporary total disability, $217.33 per week for an additional 46.5 weeks for 30% permanent loss of use of the right foot, and $47 for necessary medical expenses. Respondent sought review, and the Industrial Commission affirmed the awards but denied the $47 for medical expenses. The employer appealed, and the circuit court of Tazewell County reduced petitioner's award of 30% permanent partial disability to 10% loss of use of her right foot, finding that the Commission had erred in its determination of the extent of her injury. The circuit court confirmed the Commission's decision in all other aspects. Petitioner appeals.

Petitioner was employed by respondent as a maintenance worker. On October 16, 1979, a dump cart full of broken glass was pulled over her right foot. The foot became swollen, and she was taken to a hospital. There, she received a tetanus shot, was given ice packs, and had X rays taken. Petitioner was next treated by Dr. Palmer, the company doctor, who told her not to work and prescribed pain medication and whirlpool treatment. Petitioner also received treatment from Dr. Sombeck, her personal physician, who released her to return to work on January 21, 1980. Dr. Palmer also released her for work at this time, but petitioner did not feel able to resume her duties. Petitioner was further treated by Dr. Martin, another company doctor, who prescribed physical therapy. On March 3, 1980, Dr. Martin released petitioner to return to work, but she was able to work only a few hours. Dr. Martin continued to treat petitioner and took her off work from April 28, 1980, to July 12, 1982. Petitioner continued to experience pain and swelling in her right foot and ankle.

Dr. Ierulli examined petitioner in 1982. He found petitioner's range of motion of the right ankle to be extremely limited. Dr. Ierulli first diagnosed petitioner's condition as post-traumatic injury to the right foot and ankle due to severe contusion to the soft tissue and bony structures of the foot and ankle. Subsequent examination revealed a swollen right ankle as well as a range of motion limited to half of the left side. Dr. Ierulli then diagnosed chronic strain of the right foot and ankle due to the severe crushing injury to the soft tissue, and stated that the condition was permanent. Dr. Ierulli believed that petitioner would not be able to resume work involving standing or walking for long periods of time. He believed that her prognosis was extremely poor and he recommended surgery to alleviate petitioner's pain. Dr. Ierulli stated that he found no fracture and no misalignment of petitioner's ankle no evidence of degenerative changes or instability in the ankle, and normal neurological findings.

Dr. Schultz, an orthopedic surgeon, examined petitioner on Sep-

tember 12, 1980, and August 27, 1982. He found that she had limited motion of her right foot. Dr. Schultz diagnosed a chronic sprain of the right ankle with an avulsion fracture as evidenced by the X-ray findings. He believed that petitioner's condition was permanent. Dr. Schultz stated that petitioner told him in 1982 that she went shopping and could walk for a mile. Petitioner denied telling Dr. Schultz that she could walk a mile. Dr. Schultz stated that avulsion fractures are not common for a person of petitioner's age and work experience.

Dr. Morgan, an orthopedic surgeon, testified for respondent that he examined respondent on July 8, 1980, and in November 1982. He found that she had normal range of motion in the ankle joints and no swelling. Dr. Morgan noted some possible tiny avulsions in the ankle area, but stated they were not uncommon in a person of petitioner's age. Dr. Morgan found tenderness in the area of the peroneal tendon and diagnosed chronic peroneal tendonitis, resulting from the original crush injury. Dr. Morgan believed that there was no significant function impairment of petitioner's right foot, although she should restrict her activities depending on the degree of swelling or pain. He was of the opinion that petitioner's condition was not permanent. Dr. Morgan did not recommend surgery and would consider it only if petitioner's pain were disabling and all attempts at conservative treatment failed.

At the arbitration hearing on March 16, 1983, petitioner testified that she continued to suffer from pain and stiffness in her right foot. Her last medical treatment was in July 1982 from Dr. Martin. The arbitrator awarded temporary total disability, 30% permanent loss of use of the right foot, and medical expenses. In rendering his decision, the arbitrator placed particular reliance on the testimony of Dr. Schultz and petitioner's continuing complaints of pain and disability. Respondent sought review, and the Commission affirmed the arbitrator's decision as to temporary total disability and the permanency award, but denied the medical expenses. The Commission noted with approval the deposition testimony of Dr. Schultz. One commissioner dissented, stating that the majority failed to quantify the extent to which the movement of petitioner's right foot was less than the left. The dissenter noted the lack of basis to support the award of 30% permanent loss of use of petitioner's right foot in the majority decision. Respondent appealed, and the circuit court of Tazewell County reduced the Commission's award of 30% loss of use of the right foot to 10% loss of use. The court confirmed the Commission's decision in all other parts.

On appeal, petitioner contends that the Commission's decision as to the extent of her injury was not against the manifest weight of the

evidence and that the circuit court erred in reducing the award of 30% permanent partial disability.

■ The determination of the extent and permanency of an employee's medical disability is a question of fact to be resolved by the Commission. (*Flores v. Industrial Com.* (1981), 87 Ill. 2d 48, 429 N.E.2d 479.) Where there are conflicting medical opinions on the degree of disability, the Commission's findings will be upheld unless they are contrary to the manifest weight of the evidence. *Lachona v. Industrial Com.* (1981), 87 Ill. 2d 208, 429 N.E.2d 858.

■ There was ample evidence to support the Commission's determination that petitioner sustained an injury causing the permanent loss of 30% of the use of her right foot. Both Dr. Ierulli and Dr. Schultz stated that petitioner's condition was permanent. Although Dr. Morgan could not assign permanent disability to petitioner's right ankle and foot, it was the function of the Commission to resolve the conflicting medical testimony. Drs. Ierulli and Schultz specifically found that petitioner's range of motion in her right foot was limited, and both quantified the extent of limitation. Additionally, petitioner received 140 weeks of treatment from company doctors during which time, except for a few days, she was on leave due to medical disability. Almost 3½ years after the incident, petitioner testified that she continued to suffer pain and stiffness in her right foot. All the medical testimony supported her complaints of pain. In view of the medical testimony, petitioner's testimony and her extended period of treatment without significant improvement, the decision of the Commission was not against the manifest weight of the evidence. See *Granite City Steel Co. v. Industrial Com.* (1983), 97 Ill. 2d 402, 454 N.E.2d 1011.

■ We reject respondent's argument that there were insufficient objective findings to support an award of 30% loss of use of the right foot. Drs. Ierulli and Schultz found that petitioner had range of motion limitations in her right foot. The Commission specifically relied on the testimony of Dr. Schultz. While the Commission's decision did not quantify the degree of limitation in the right foot found in petitioner's 1982 examination by Dr. Schultz, the extent of limitation was contained in his testimony. The conclusion that the motion of the right foot was less than the left was a sufficiently specific finding of fact satisfying the statutory mandate, especially in light of the other detailed findings. (Ill. Rev. Stat. 1983, ch. 48, par. 138.19(e).) We likewise reject respondent's contention that petitioner's failure to seek additional medical treatment after July 1982 implied that the Commission's permanency award of 30% loss of use was improper. It is the

508

function of the Commission to draw reasonable inferences from the evidence introduced in determining the extent of disability. (*Morin Erection Co. v. Industrial Com.* (1980), 81 Ill. 2d 72, 405 N.E.2d 765.) Where continued treatment for nearly three years did not alleviate petitioner's symptoms and petitioner has been unable to work since the accident, the Commission could reasonably conclude that she sustained a permanent injury to the extent of 30% loss of use. See *New City Iron Works v. Industrial Com.* (1967), 38 Ill. 2d 494, 232 N.E.2d 700.

For the foregoing reasons, that part of the judgment of the circuit court of Tazewell County reducing the 30% award for permanent loss of use of the right foot is vacated, and the decision of the Industrial Commission is reinstated.

Judgment vacated; Commission's decision reinstated.

WEBBER, P.J., and LINDBERG, BARRY and KASSERMAN, JJ., concur.