GANO ELECTRIC CONTRACTING, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Gail Moore, Appellee).

Fourth District (Industrial Commission Division)   No. 4—93—0360WC

Argued January 12, 1994.—Opinion filed February 17, 1994.—Rehearing denied May 5, 1994.

Martin K. Morrissey (argued) and Michael J. Bedesky, both of Reed, Armstrong, Gorman, Coffey, Thomson, Gilbert & Mudge, P.C., of Edwardsville, for appellant.

James R. Carey (argued), of Pratt, Bradford & Tobin, P.C., of East Alton, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Claimant, Gail W. Moore, sought benefits pursuant to the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.*) for injuries allegedly sustained to his left shoulder on September 20, 1990, while employed with Gano Electrical Contracting (Gano). After concluding that claimant sustained a work-related injury to his shoulder and that timely notice of the injury had been given, the arbitrator awarded claimant $16^6/7$ weeks of temporary total disability plus medical expenses. On appeal, the Industrial Commission (Commission) affirmed the arbitrator's decision, and the circuit court of Morgan County confirmed the Commission's decision. Gano appeals arguing the arbitrator had no jurisdiction to proceed

under the Act because claimant failed to give notice of the accident and injury within 45 days of the alleged incident. Gano also contends the Commission's determinations that claimant's injury arose out of and during the course and scope of his employment and that there was a causal relationship between claimant's condition of ill-being and a work-related accident are against the manifest weight of the evidence. We affirm.

On September 20, 1990, claimant sustained an injury to his left shoulder and arm while in the employ of Gano. Claimant testified he was trying to move a 100-pound transformer from the top of a cabinet. As he was moving the transformer toward the front of the cabinet, the transformer slipped off. Claimant's left hand was caught on the transformer and he had no choice but to try and catch it. In so doing, claimant twisted his left arm. Claimant testified he reported the incident to his foreman once he was able to get off the ladder he had been using to reach the transformer. No one saw the accident because everyone had just gone on break. One co-worker did observe claimant approach the foreman in the break area after the alleged incident. While he was not able to hear their conversation, he did note claimant was "messing with" his shoulder while talking to the foreman. The foreman testified he did not remember claimant making him aware of any accident on September 20. The foreman also testified, however, that only if immediate medical assistance were required would he consider the incident sufficiently significant to report it to his supervisors. Immediate medical assistance was not required in this instance. The owner of Gano testified he received no notice of claimant's injury until claimant filed his application for benefits, more than 45 days past the alleged accident.

Prior to September 20, 1990, claimant was being treated for an injury to his right arm and had a pending appointment with Dr. Carey Andras on the day he injured his left shoulder. Claimant testified he informed the doctor of his shoulder injury, but Dr. Andras initially was not concerned with the injury, diagnosing it as tennis elbow and rotator cuff impingement. The shoulder was injected with cortisone. Dr. Andras' bill for that day notes treatment for a left shoulder problem, but his records do not give any detail as to how the injury occurred.

The next time claimant saw Dr. Andras was on October 11, 1990. At this visit, claimant's left shoulder was reinjected. Claimant continued to complain about his left shoulder, however. On January 3, 1991, Dr. Andras discussed management treatment for claimant's left shoulder. Claimant started such treatment but continued to have increasing complaints of discomfort and pain. Eventually, surgery

was performed on claimant's left shoulder on August 16, 1991, at which time a tear of the glenoid labrum was discovered. Dr. Andras opined claimant's condition was an injury-related phenomenon, consistent with the history claimant had given him of the accident at work on September 20, 1990.

Gano presented no medical evidence to rebut claimant's evidence of a work-related injury. Time sheets supplied by Gano, however, listed no transformer work for claimant on September 20, 1990. These same time sheets also showed that claimant's co-worker, who testified on his behalf, supposedly was not working in the same building on the day of the accident. On the other hand, the evidence also revealed that it was quite possible for an individual to do more than one job on a particular day and it not be reflected on that individual's time sheet.

We begin our analysis by recognizing it is well settled that the findings of the Commission are not to be disturbed on review unless they are against the manifest weight of the evidence. (*Ferrin Cooperative Equity Exchange v. Industrial Comm'n* (1976), 64 Ill. 2d 445, 448, 356 N.E.2d 559, 561; *Wagner Castings Co. v. Industrial Comm'n* (1993), 241 Ill. App. 3d 584, 594-95, 609 N.E.2d 397, 405.) This rule applies to all findings, including whether there was an accidental injury arising out of and in the course of the claimant's employment, whether there was timely notice, and the causation and nature and extent of the disability suffered. (*Ferrin*, 64 Ill. 2d at 448-49, 356 N.E.2d at 561.) We also recognize that in making such determinations, it is solely within the province of the Commission to judge the credibility of witnesses, to draw reasonable inferences from the testimony and to determine the weight evidence is to be given. (*Wagner Castings*, 241 Ill. App. 3d at 594, 609 N.E.2d at 405.) We, sitting as a court of review, are not to disregard or reject permissible inferences drawn by the Commission simply because other inferences might also be drawn from the evidence. (*Wagner Castings*, 241 Ill. App. 3d at 594, 609 N.E.2d at 405.) More importantly, a claimant's testimony, standing alone, may support an award when all of the facts and circumstances do not preponderate in favor of the opposite conclusion. (*Seiber v. Industrial Comm'n* (1980), 82 Ill. 2d 87, 97, 411 N.E.2d 249, 253.) As an opposite conclusion is not clearly apparent in this instance (see *Caterpillar, Inc. v. Industrial Comm'n* (1992), 228 Ill. App. 3d 288, 291, 591 N.E.2d 894, 896), we affirm the decision of the circuit court confirming the decision of the Commission.

■ ■ We first address the issue of notice. The purpose of the notice requirement of the Act is to enable an employer to investigate an alleged accident. (*Seiber*, 82 Ill. 2d at 95, 411 N.E.2d at 252.)

Compliance with the requirement is accomplished by placing the employer in possession of the known facts related to the accident within the statutory period, namely 45 days. (*Seiber*, 82 Ill. 2d at 95, 411 N.E.2d at 252.) A claim is barred only if no notice whatsoever has been given. (*Silica Sand Transport, Inc. v. Industrial Comm'n* (1990), 197 Ill. App. 3d 640, 651, 554 N.E.2d 734, 742.) Because the legislature has mandated a liberal construction on the issue of notice (*Atlantic & Pacific Tea Co. v. Industrial Comm'n* (1977), 67 Ill. 2d 137, 143, 364 N.E.2d 83, 86), if some notice has been given, although inaccurate or defective, then the employer must show that he has been unduly prejudiced. (*Silica Sand*, 197 Ill. App. 3d at 651, 554 N.E.2d at 742; *Luckenbill v. Industrial Comm'n* (1987), 155 Ill. App. 3d 106, 113-14, 507 N.E.2d 1185, 1190.) Here, the Commission determined claimant gave timely notice. The evidence supports this determination. Claimant testified he immediately reported the accident and injury to his foreman. One of claimant's co-workers testified to seeing claimant and the foreman involved in a conversation shortly after the incident allegedly occurred. He also testified claimant was "messing with his shoulder" when he was talking with the foremen and "had a nasty look on his face like something had happened." Once the conversation ended, claimant reportedly told his co-workers he had hurt himself. The foreman, on the other hand, testified he could not recall whether he was informed by claimant of a specific injury and/or accident. He also testified that unless the incident involved a medical emergency, he likely would not report the matter to his supervisors. Given such circumstances, we cannot say the Commission's findings with respect to the issue of notice are contrary to the manifest weight of the evidence. We also cannot say the Commission's findings with respect to the issue of causal connection are against the manifest weight of the evidence.

As noted above, whether a claimant's injuries are a result of a work-related accident arising out of and in the course of his or her employment is a factual determination within the province of the Commission. (*General Motors Corp., Central Foundry Division v. Industrial Comm'n* (1989), 179 Ill. App. 3d 683, 693, 534 N.E.2d 992, 999.) This determination can be based upon direct or circumstantial evidence and the reasonable inferences which can be drawn from such evidence. (*General Motors*, 179 Ill. App. 3d at 693, 534 N.E.2d at 999.) Moreover, medical evidence is not an essential ingredient to support the conclusion that an industrial accident caused the disability. (*International Harvester v. Industrial Comm'n* (1982), 93 Ill. 2d 59, 63, 442 N.E.2d 908, 911.) A chain of events which demonstrates a previous condition of good health, an accident, and a subsequent

injury resulting in disability can be sufficient circumstantial evidence to prove a causal nexus between the accident and the employee's injury. (*International Harvester*, 93 Ill. 2d at 63-64, 442 N.E.2d at 911; *Burrell v. Industrial Comm'n* (1988), 171 Ill. App. 3d 723, 729, 525 N.E.2d 935, 940.) Here we have both. Prior to the accident on September 20, 1990, claimant testified he had not experienced any pain in or problems with his left shoulder. His treating physician's reports, although sketchy, note treatment on September 20 for an injury to claimant's left shoulder and, subsequently, a history of the injury consistent with claimant's version of the accident. More importantly, the doctor opined claimant's condition was the result of an accident and not from chronic use of the arms in an elevated position as Gano now suggests. Such evidence supports the inference claimant's injury arose out of and during the course and scope of his employment and was causally connected to his work-related accident. Additionally, Gano's own witness indicated it was quite possible for an individual to do more than one job on a particular day and it not be reflected on that individual's time sheet. Gano therefore cannot claim with certainty that claimant did not work on the transformer the day of the alleged injury. Any conflicts in the evidence were for the Commission to resolve (see *General Motors*, 179 Ill. App. 3d at 694, 534 N.E.2d at 1000); here, the Commission resolved them in favor of claimant.

For the aforementioned reasons, we affirm the decision of the circuit court of Morgan County confirming the decision of the Commission in favor of claimant.

Affirmed.

McCULLOUGH, P.J., and RAKOWSKI, WOODWARD, and SLATER, JJ., concur.